· JOHN N. SPENCE et al. v. JACOB NEWTON SPENCE et al., Appellants.

**Division One, November 29, 1911.**

1. **WITNESS: Competency: Limitations: Parties to Contract.**
The owner of land died intestate, leaving six children. William bought the interest of four of them, and the sixth, Newton, was sued by attachment and the lands were properly described in the judgment, return of levy and notice of sale, but the sheriff's deed to William did not properly describe them. After the death of both William and Newton, William's children bring suit against those of Newton to quiet title. *Held,* that plaintiffs are not claiming under a contract with Newton, and they are competent to testify to facts tending to show that William held possession adversely to Newton.

2. **LIMITATIONS: Adverse Possession: Cotenants.** Title by adverse possession may be acquired by one cotenant from another. Where the evidence is clear, pointed and convincing that for more than thirty years plaintiffs and their father were in possession, paid the taxes, put up lasting improvements, and during all that time claimed the entire title and held adversely to their cotenants, it establishes title in plaintiffs under the thirty-year Statute of Limitations.

3. **EQUITABLE TITLE: Wrong Description in Sheriff's Deed: Color of Title.** Where in the attachment suit, the special execution, the judgment and notice of the sale all correctly described the property, and the only error in the description was in the sheriff's deed which described the land as being in range 32 instead of range 31, the equitable title passed to the purchaser, who also had color of title when he took possession under the deed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*J. H. & W. E. Bailey* for appellants.

(1) The court erred in permitting the plaintiffs, the heirs at law of William David Spence, to testify. The witnesses S. M. Spence and William J. Spence,

with the other co-plaintiffs, claimed title to the land in question by the adverse possession of their father and the plaintiffs depended solely upon their evidence to recover. Where it is sought to establish title in a tenant in common as heir of their deceased father against a claimant who is a co-tenant, plaintiffs are not competent witnesses in their own behalf where the facts are such that their father would have been incompetent to testify under the statute. Rice v. Shipley, 159 Mo. 399; Messimer v. McCray, 113 Mo. 382; Teats v. Flanders, 118 Mo. 660; Tucker v. Gentry, 93 Mo. App. 655; Kirton v. Bull, 168 Mo. 622. (2) In order to constitute color of title the deed must include the land claimed and designate same clearly. The sheriff's deed in this case was no evidence of intention and was no notice of adverse holding. Hamilton v. Boggess, 63 Mo. 233; Dunnington v. Hudson, 217 Mo. 93; Hickman v. Link, 97 Mo. 488; Brewing Co. v. Payne, 197 Mo. 429; Allen v. Mansfield, 108 Mo. 348; Golden v. Tyer, 180 Mo. 202. (3) The court erred in its finding and decree, that under the evidence one tenant in common in possession could establish adverse possession against his co-tenant without an actual ouster or actual or constructive notice, and one who enters into possession of a tract of land having title to same enters in conformity thereto. Primafacie the entry of a tenant in common is not adverse to his cotenants, but in support of the common title. Warfield v. Lindell, 30 Mo. 272; Long v. McDow, 87 Mo. 197; Benoist v. Rothchild, 145 Mo. 408; Rodney v. McLaughlin, 97 Mo. 426; Chapmen v. Kullman, 191 Mo. 237; Golden v. Tyer, 180 Mo. 196. Payment of taxes is not sufficient to establish adverse possession. Chapman v. Templeton, 53 Mo. 463; Cashmen v. Cashman, 123 Mo. 647.

*H. W. Blair* for respondents.

(1)  This case does not come within the contemplation of section 4652, Revised Statutes 1899, for the reason that no contract or cause of action such as that statute refers to, is involved in this case.  That statute was enacted for the purpose of putting parties having contractual relations upon an equal footing and preventing one from giving his version of an agreement when the other party was dead and could not confront him.  No such situation is presented by the facts in this case.  No contract is involved—the sheriff's deed read in evidence was not between the two Spence brothers, but between the sheriff and William David Spence; further, that deed is not involved here in the sense that any effort is made to reform it or change its legal effect.  This is an action involving solely the question of the possession of certain land and the nature of that possession.  Golden v. Tyler, 180 Mo. 201; Swope v. Ward, 185 Mo. 327.  (2) (a) William David Spence, plaintiff's ancestor, not only had color of title, but had the equitable title, by reason of the sheriff's sale. Manning v. K. & T. Coal Co., 181 Mo. 359. (b) The attachment, sheriff's levy and judgment and special execution, being public records of the county, imparted notice to Newton Spence that his land was attached and a lien against it existed and that it would be sold to satisfy the lien.  The sheriff's deed recited what the judgment was, when and where and in what action it had been rendered, and other details which carried with it, upon its being filed for record, notice to Newton Spence that William David Spence claimed the title to the tract in suit.  (c) This action is brought under the thirty-year Statute of Limitations and no constructive possession of any part of the land is claimed.  Instead, plaintiffs claim, through William David Spence, to have been in the actual possession of the whole tract, hence no question of

color of title can be raised. Quick v. Rufe, 164 Mo. 412; Mather v. Walsh, 107 Mo. 121; 1 Cyc. 847. At the time William David Spence entered into possession after receiving the sheriff's deed, he held under that deed the equitable title to one-sixth and by descent and purchase from his brothers and sisters the legal title to five-sixths, and he was claiming to own the entire title, hence he never was a cotenant of defendants' ancestor, Newton Spence. Collins v. Pease, 146 Mo. 139; Mansfield v. Pollock, 74 Mo. 188; Swope v. Ward, 185 Mo. 324; Hendricks v. Musgrove, 183 Mo. 310. (3) Even if William David Spence had not acquired the equitable title at the sheriff's sale, and had entered into possession as a tenant in common with Newton J. Spence, there can be no merit in defendants' position at this time. The rule of law as to adverse possession by one tenant in common against another is well settled. It is only in the application of the rule to particular facts that any discussion possibly can arise. Since Lapeyre v. Pail, 47 Mo. 586, it has been settled in this State that there need not be actual personal knowledge to the other tenants in common by one claiming adversely. Chapman v. Kullman, 191 Mo. 247; Penoist v. Rothschild, 15 Mo. 408; Rodney v. McLaughlin, 97 Mo. 431; Long v. McDow, 87 Mo. 197; Golden v. Tyer, 180 Mo. 196; Warfield v. Lindell, 30 Mo. 282; Huston v. Huston, 139 Mo. 237. Under the thirty-year limitation statute when neither Newton Spence nor anyone claiming under him had been in possession or paid any taxes for a period of thirty years, he or anyone claiming under him was given only one year in which to bring his suit, and the statute provides that in case suit is not brought within one year the title to the land shall vest in the person in possession. De Hatre v. Edmonds, 200 Mo. 275; Crain v. Peterman, 200 Mo. 299.

GRAVES, P. J.—Action under section 1884, Revised Statutes 1909 (formerly section 4268, Revised Statutes 1899), to quiet title to two hundred acres of land in Jasper county, Missouri.

Plaintiffs are the heirs at law of William David Spence, who died April 26, 1907. Defendants are the heirs at law of Newton Spence, a brother of William David Spence. The land in dispute was owned by Samuel Spence, grandfather of plaintiffs and defendants. Samuel Spence died, intestate, in the year 1859, leaving surviving him his widow, Elizabeth Spence, and his children, William David Spence, Newton Spence, Louis Spence, Lazarus Spence, Millie Bunch and Sarah Hull. It is undisputed in the record that William David Spence had acquired the interests of the widow and all of the heirs of Samuel Spence by deeds from them to him, except the interest of Newton Spence. This was done by two separate deeds made in the year 1867. The first deed in the record is from Lazarus Spence and Louis Spence and wife. The second is from Sarah Hull and Millie Bunch and their husbands, and the widow, Elizabeth Spence.

The interest of Newton Spence, it is claimed, was acquired by William D. Spence through a sheriff's sale in March, 1867. In 1865, Newton Spence seems to have been sued in the circuit court of Jasper county, and his interest in the land attached. Judgment was obtained against him for $1500 and a special execution was issued against these lands, and the same were properly advertised and sold. The lands are properly described in the return of levy of the sheriff under the writ of attachment, in the judgment and in the notice of sale. An error appears in the deed. The lands are all in range 31, but in the deed they are described as being in range 32. The execution we do not find in the record.

The petition is in the usual form for the thirty year Statute of Limitations. Its allegations are full

and complete. The answer, after certain admissions made therein, asserts that the defendants own one-sixth interest in the land through their father, Newton Spence, and avers that William David Spencer was a tenant in common with their father, and since his death with them. The answer then further proceeds and concludes in this language:

"Defendants further state that since the year 1884, the date of the death of their father, Newton Spence, who was the owner of the undivided one-sixth interest thereof, a part of the defendants herein have lived upon and been in the joint possession with the said William David Spence, living thereon and enjoying the uses and benefits derived therefrom and claiming the undivided one-sixth interest as their own.

"Defendants for further answer state that no notice of any claim of title or ownership either actual or constructive was ever made by the said William David Spence in his lifetime, and that the defendants herein were never informed of any actual or constructive ouster by the said William David Spence, as to the interest in and to said land held by the defendants herein.

"Wherefore, defendants pray the court to ascertain, adjudge and determine the estate, title and interests of the defendants and plaintiffs in and to said real estate and to define and adjudge by its judgment or decree, the title, estate and interests of the parties severally in and to said land set out and described in plaintiff's petition and for all other proper relief and for costs of suit."

The reply was a general denial of the new matter in the answer.

The trial court found for the plaintiffs and decreed title in them and debarred defendants of all claim to said land. From this judgment, defendants appealed to this court. Further matters in evidence will be reverted to in the course of the opinion.

I. S. M. Spence and William J. Spence, two of the plaintiffs, testified as witnesses in the case. Their testimony tended to show the adverse possession of their father of the land in question from 1867. The defendants challenged the competency of these witnesses and now urge that they were not competent to testify.

The statute relied upon by defendants is section 652, Revised Statutes 1899, now section 6354, Revised Statutes 1909. The contention by the plaintiffs that they have title by adverse possession does not involve a contract between the parents of these respective parties. On this idea of the case, plaintiffs are not claiming under a contract from the deceased, Newton Spence. There never was, in fact, a contract of conveyance or a conveyance from Newton Spence, the ancestor on the one side, and William David Spence, the ancestor on the other side. The only things we have in this case are an inheritance cast by law upon Newton Spence by the death of his father, Samuel Spence, and the sale of that inheritance by the sheriff to William David Spence. The only instrument which could be called a contract is the attempted deed from the sheriff to the said William David Spence. To that instrument, Newton Spence was not a party. This evidence was not given concerning this deed. The sufficiency of this deed, it is true, is attacked, but only for legal reasons appearing upon the face thereof, and not otherwise. We are of opinion that these witnesses were competent.

This case falls within the facts and law of the case of Golden v. Tyer, 180 Mo. 196. In that case, Nancy M. Golden sued in ejectment for some lands. Tyer claimed title by a deed from Sam Payton, a brother of Mrs. Golden. Sam Payton had a deed from the Payton heirs, but such deed did not convey the title of Mrs. Golden, one of the Payton heirs. The answer in that case was a general denial and the Statute

of Limitations. For plaintiff it was contended that she and Sam Payton, who was then dead, were co-tenants, and for that reason the Statute of Limitations did not run. According to the report of her evidence, Mrs. Golden's testimony is thus summarized: "Nancy M. Golden, plaintiff, testified in the cause. Her testimony tends to show that she resided on the premises for a number of years; that she paid part of the taxes; that her brother, Sam Payton, under whom defendant claims title, paid her rent in accordance with her interest in the land; that she always claimed to be a tenant in common with her brother, Sam Payton." The competency of Mrs. Golden as a witness was challenged, and this court then said:

"We cannot agree with learned counsel for appellant that she is an incompetent witness.

"It is true at the time this cause was tried, the record discloses that Sam Payton was dead, and it is also conceded that he is the appellant's grantor; but it does not follow from his death that the plaintiff is rendered incompetent to testify.

"Sam Payton is not a party to this action, nor is or was he a party to the contract which is involved in this suit. The quitclaim deed offered by defendant is not in question; there is no dispute about that deed; this action is not to set aside or change, in any manner, the legal effect of that instrument. It speaks for itself, and its contents must determine its legal effect.

"There is a dispute as to the right of possession between parties, both of whom are living. Sam Payton is not a party, nor is he a necessary party to the determination of this cause, and so far as this action is concerned, has no legal interest in it. He may be interested in it by reason of his covenants in his deed; this is not contemplated by the statute and cannot be made the basis of excluding the plaintiff as a witness. An examination of the cases cited by appellant in support of this contention, will demonstrate their dissim-

ilarity to the proposition before us.  In those cases, it will be observed that a contract between a dead and living party was involved.  Hence, they came directly within the terms of the statute which rendered the living witness incompetent.  The plaintiff in this case is not assailing any contract with her deceased brother, nor is she claiming title under him.''`

This Golden case determines the objection raised in this case, and determines it against the contention of the defendants.  We hold that these witnesses were competent.

II.  Much is said as to the sheriff's deed in this case, but the case can be fully disposed of without consideration of that deed.  We understand that without that deed William D. and Newton Spence were tenants in common of the land in question in the early days of 1867.  Title by adverse possession may be acquired even by a cotenant under given conditions. [Nickey v. Leader, 235 Mo. 30, and cases therein cited.] In such cases the evidence as to the adverse holding must be clear, pointed and convincing, but if the evidence measures up to this standard, title by adverse possession may be obtained.

In the case at bar, the overwhelming testimony tends to show an adverse holding by William David Spence and his heirs.  Such adverse holding is shown to be open and notorious.  Upon this point the trial court was right.  By his judgment and finding the trial court said as to these plaintiffs and their father, that for more than thirty years they were holding the possession of these lands, and paying the taxes thereon and putting lasting and permanent improvements thereon, and during all such time were ''claiming the entire title and holding adversely to the defendants and their ancestor, Newton J. Spence.''

Under the evidence we could not well hold to the contrary, even if we disregard the predisposition of

this court to yield to the judgment of the trial court on questions of fact. To our minds the evidence in this record conclusively shows an adverse holding of these lands for more than thirty years, and the trial court could not have very well held otherwise.

This practically disposes of the case, but we will discuss the effect of this sheriff's deed. That question we take next.

III. In this case, William David Spence not only entered into the possession under color of title, as to the interest of Newton Spence, but he actually had the equitable title. As before stated, the lands were properly described throughout the whole proceedings, except in the deed. The levy was right. The judgment was right. The notice of sale was right. The only mistake lies in the description in the deed where the range is said to be thirty-two when it should have been thirty-one. We have had just such a situation before this court and held that the equitable title passed to the purchaser at the execution sale. In Manning v. Coal Co., 181 Mo. l. c. 369, we disposed of the question in this language: "The record in said cause shows that the right land was attached and sold under execution, but the sheriff's deed misdescribes the land as in section two, instead of section twenty-six. This was evidently a mistake of the sheriff in the description, as the records in the case show that the right land was attached, advertised, sold and bid in by Stephen Gipson, who paid the purchase price, and he acquired at least an equitable interest in the land sold."

It thus appears that under more than one theory of the case the judgment, *nisi*, was right, and it is therefore affirmed. All concur.