## Harper, et al. v. Patterson, et al.

(Decided March 6, 1912.)

### Appeal from Montgomery Circuit Court.

Wills—Estates.—Where a testator gave his homestead to his wife for her to use and enjoy as she might see fit, during her natural life, with remainder to his living daughters, or their heirs, each daughter took a defeasable fee which could be defeated upon the death of the daughter, without issue, during the life-time of the mother.

EARL W. SENFF for appellants.

JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

J. Wayne Anderson, a citizen of Montgomery county, died testate September 16, 1877. He owned, besides other property, 21 acres of land lying immediately outside of the city of Mt. Sterling, upon which he lived at the time of his death. He left surviving him, a widow, Mary Jane Anderson, and four daughters—the plaintiffs, Emma D. Patterson and Lucy E. Sutherland, the defendant Elizabeth Harper, and Lila Baird who died without issue, several years ago. His widow, Mary Jane Anderson, died May 27th, 1911, and this action was instituted on November 16th, 1911, for the purpose of determining what estate the said daughters of J. Wayne Anderson now have in said 21 acres of land.

The will was evidently drawn by the testator himself; and although it is quite inartificially done, we think his purpose was plainly set forth. For the sake of brevity we will quote only such portions of the will as have a bearing upon the question at issue. They read as follows:

"My wife, Mary Jane Anderson, I desire shall have one-third of my estate, real and personal, after my honest debts are paid; to use and enjoy as she may see fit

during her natural life; at her death should my children or any of them be living, the dower shall be divided equally between them or their heirs. My children all being girls, I desire that they shall be made equal, and that their portion each remain in their name, them and their representatives; by that I desire that it be entailed that they may not be left without support when I am gone. If it becomes necessary and to their interest to sell or convey their interest it shall be re-invested in like manner, either in stocks or lands, as may be to their interest and happiness.

"Should any of my children die without heirs it is to go to the rest equally."

"She (his wife) can live at the homestead and keep the single or any children with her she may be pleased to do. I do not intend by this will to throw her out of a home. She can if she desires it, sell all but the homestead and hold it for her dower."

As above stated, the youngest daughter, Lila Baird, died several years ago, and before the death of her mother, and without issue; and her husband, George W. Baird, subsequently died. The daughter, Emma Patterson, has two children, the plaintiffs Roger Hoffman and Mary Hunter Jeffries. The plaintiff Lucy E. Sutherland has two children, the plaintiff Grant H. Sutherland, and the defendant William Wayne Sutherland; while Elizabeth Harper has one living child, the infant appellant Lila May Harper.

The lower court held that the three daughters own a joint estate in fee simple in the 21 acres, and from that judgment the infant appellant, by her guardian ad litem, prosecutes this appeal, contending that the daughters of the testator took a life estate, with remainder to the grandchildren.

This will was before this court in Harper v. Baird, 18 Ky. L. R., 110, upon the ownership of certain bank stock left by the testator; the title to the land, however, was not involved in that appeal.

We think the judgment of the lower court is right. It is clear that the testator gave his wife a life estate in this homestead tract, with a fee in the remainder to those of his four daughters who should be living at the time of the widow's death, and the heirs of any that should have died in the meantime. Sheirich v. Maxwell, 28 Ky. L. R., 173; 89 S. W., 4. So much of the language of the will as indicates a desire on the part of

the testator that the shares of his daughters should be "entailed," is ineffectual for any purpose, since it does not contain words that would operate as an entail in law; and, if it did so operate, it became a fee simple estate under section 2343 of the Kentucky Statutes.

It is plain, therefore, that the effect of the will was to vest in the daughters of the testator a fee, which might have been defeated, as to any one of them, by her death prior to the death of her mother, Mary Jane Anderson; and, in case of the death of any one of said daughters prior to the death of the mother, the children of such deceased daughter would take the mother's share. Powell's Exor. v. Cosby, 28 Ky. L. R., 619; 89 S. W., 721; Whalin v. Bailey, 29 Ky. L. R., 1048; 96 S. W., 1105.

But as this contingency happened only in the case of the youngest daughter, Lila Baird, who died before the death of her mother, and without issue, the fee went to the other three living daughters.

Judgment affirmed.