## Forquer v. Bovard, et al.

(Decided June 13, 1913.)

Appeal from Henry Circuit Court.

1. Deeds—Construction—Defeasible Fee.—Where the habendum clause in a deed is "to have and to hold the same unto the said Isaac W. Kelly and his heirs; but if the said Isaac W. Kelly die without issue then to the said Griffin Kelly and his heirs," the grantee acquires a defeasible fee, which he may devise in the event that he dies leaving issue.

2. Deeds—Restraint on Alienation.—The language of a deed imposing certain restrictions on alienation examined, and the restraint held to apply only during the lifetime of the grantee, or after his death in the event that he died without issue.

3. Wills—Construction.—The testator directed that the remainder of his estate be equally divided among his children. He then added the following clause: "I also entail the land on and during their natural life with the right to will the same." Held, that

the latter provision being meaningless and unintelligible did not limit, diminish or qualify the estate devised, and that the children of the testator acquired a fee under the will.

TURNER & TURNER for appellant.

H. K. BOURNE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On February 1, 1913, plaintiffs, Sallie K. Bovard and John Bovard, sold to defendant, L. G. Forquer, a tract of land located in Henry County, Kentucky. By the contract, which was in writing, plaintiffs obligated themselves to make to the defendant a good and vendible title on or before March 1, 1913, and deliver to him the possession of the land. In conformity with their contract, they placed the defendant in possession and tendered to him a deed to the property. Defendant declined to accept the deed and pay for the property, and plaintiffs brought this action for specific performance. The defense is based on an allegation that plaintiffs' title was defective. On final hearing, the chancellor gave judgment in favor of plaintiffs, and the defendant appeals.

The land in controversy is a part of a tract of 142½ acres of land which Griffin Kelly and his wife conveyed to their son, Isaac W. Kelly by deed dated May 11, 1871. Griffin Kelly died testate in the year 1887. He appointed his two sons, Isaac W. and Clinton Kelly his executors. The tract of land in controversy was not mentioned in the will. Isaac W. Kelly died in the year 1910. He left a will by which he devised the property in question to his children. In the division of this estate plaintiff, Sallie K. Bovard, obtained as her share the land in controversy.

The questions presented are: (1) What character of estate did Isaac W. Kelly acquire under the deed from his father, Griffin Kelly? (2) Did he have the right to devise the property? (3) What character of estate did his children acquire under his will?

The deed of May 11, 1871, is between Griffin Kelly and his wife of the first part, and Isaac W. Kelly of the second part. The granting clause is as follows:

"That for and in consideration of the sum of one dollar cash in hand paid, the receipt of which is hereby acknowledged as well as in consideration of natural love and affection the said first parties do give grant, bargain, alien convey and confirm and by these of warranty have

given, granted bargained, alienated, conveyed and confirmed unto the said Isaac W. Kelly the following described property, viz:'' (Here ·follows description.)

The habendum clause is as follows:

''To have and to hold the same unto the said Isaac W. Kelly and his heirs: but if the said Isaac W. Kelly die without issue then to the said Griffin Kelly and his heirs without power of alienation or encumbrance during the life time of said Isaac W. Kelly or for twenty-one years after his death unless by and with the consent of the said Griffin Kelly in writing expressed. But if after the death of the said Griffin Kelly the said Isaac desires to sell said property he may do so upon giving written notice of his intention to the executors of Griffin and upon the expressed condition that the proceeds of such sale shall be invested in other real estate subject to the same conditions and limitations as the property hereby conveyed and the purchaser is responsible for such reinvestment and any such sale shall be void unless such investment is actually made.

''Provided always that the estate and premises hereby conveyed shall be forever free from and not subject to any debt or liability whatever that may hereafter be contracted or incurred by the said Isaac W. Kelly and provided always that there is excepted from the restraint against alienation and encumbrance all that portion of the land hereby conveyed which lies on the south side of New Castle and Bethlehem pike, the title to which is hereby vested absolutely in said Isaac W. Kelly with full power to dispose of same.''

It will be observed that the habendum clause is ''to have and to hold the same unto the said Isaac W. Kelly and his heirs: but if the said Isaac W. Kelly die without issue then to the said Griffin Kelly and his heirs, etc.'' It is clear that under the deed in question Isaac W. Kelly took a fee to the property conveyed, subject to be defeated by his death without issue. In other words, he took a defeasible fee. As a matter of fact, he died leaving issue. The contingency on which the estate was to be defeated never happened. He therefore had the right to devise the property unless the restrictions imposed by the deed prevented him from doing so. It will be observed that the restraint on alienation is not absolute. The deed simply provides that before the property can be alienated, the consent of Griffin Kelly or his executors shall be obtained in writing. The law does not favor restraints on

alienation, and in the case of doubt will adopt that construction which favors the right to convey. Here the restraints attempted to be imposed are very ambiguous and uncertain. Bearing this fact in mind, we conclude that the grantor did not intend the restraint to apply after the death of Isaac W. Kelly, unless he died without issue. The deed did not attempt to impose any restraint upon his right to devise the property. We therefore conclude that he did have that right, and that the property in question passed to his children by virtue of his will.

The will in question, besides containing other provisions not necessary to be mentioned, contains the following:

"Sec. 7: The rest of my remaining estate I desire divided equally, among my children except in the case of Mrs. Rebecca J. K. Samuell I have already given $800 in cash consequently all the rest of the children must be made equal to her and the balance left then to be equally divided among all of my children. I also entail the land on and during their natural life with the right to will the same."

It will be seen that after devising his children the fee in the land, he adds the provision "I also entail the land on and during their natural life with the right to will the same." In our opinion, the language employed means nothing. Where the testator devises a fee, the estate will not be held to be limited, diminished or qualified by a subsequent provision which is altogether unintelligible. We therefore conclude that the children of Isaac W. Kelly acquired a fee in the land devised by him, and that the deed from his daughter, Sallie K. Bovard, and her husband, James Bovard, was sufficient to vest in defendant a good title to the tract of land in controversy.

Judgment affirmed.