## Kerr et al. v. Watkins et al.

(Decided April 29, 1930.)

JOHN C. WORSHAM for appellants.

JOHN L. DORSEY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

In substance it is alleged, in the petition filed in this action by the appellants, that the appellants and the

appellees are the children of James Wesley Watkins and his wife, Mary E. Watkins; that they are their sole heirs at law; that James Wesley Watkins died intestate in the year 1881, and, at the time of his death, he was the owner of 112 acres of land described in the petition; that upon the death of James Wesley Watkins the land descended to the children subject to the dower interest therein of the widow, Mary E. Watkins; that no dower was ever assigned to Mary E. Watkins, but she and the children resided on the tract of land after the death of James Wesley Watkins, and that Mary E. Watkins continued to reside on the land until her death in 1926; that she died testate and that she left all of her property, after the payment of debts, to the appellee, Sue Watkins; that the children, that is the plaintiffs and defendants below were the joint owners of the 112-acre tract of land, and that the will of Mary E. Watkins vested no title in Sue Watkins other than such interest as Mary E. Watkins may have inherited from another son, John, who died about the year 1904.

It is alleged in the petition that Mary E. Watkins was the owner of a life estate, or an undivided interest, dependent upon the proper construction of the will of W. J. Moss, in a 35-acre tract of land; that she was the daughter of W. J. Moss, and that he died testate many years ago leaving a will whereby he left his real estate to his children, with the provision in the will that the shares of his daughters were given to them "and their children to be entailed for their use and benefit;" that after the death of W. J. Moss, by proper proceedings, his lands were divided among his children and that the master commissioner, pursuant to the orders entered in the suit for division, executed a deed of conveyance to Mary E. Watkins for the 35-acre tract; that she took only a life estate in that tract, or an undivided interest along with her children, and that upon her death the land descended to the children of her and her husband, James Wesley Watkins, unless, perchance, she took an undivided interest in the 35 acres under the will of her father; that if she had only a life estate in the 35 acres no title thereto passed to her daughter, Sue, under her will, and if she had an undivided interest only that interest passed by the provisions of her will.

The court was asked to construe the will of W. J. Moss and to divide the 112-acre tract of land and the 35-

acre tract of land among all of the children of James Wesley Watkins and Mary E. Watkins.

A copy of the will of W. J. Moss, was filed with the petition, as was a copy of the deed for the 35 acres executed to Mary E. Watkins by the master commissioner in the division of the estate of her father.

The appellee, Sue Ann Watkins (sometimes called "Sue" and sometimes "Sue Ann"), the beneficiary under the will of her mother, and her sister, Mattie P. Watkins, filed a joint answer in which there was a denial that James Wesley Watkins at the time of his death, or at all, was the owner of, or in the possession of, the 112 acres described in the petition. There was a denial that the 112 acres descended to the children upon the death of James Wesley Watkins subject to the dower interest of his widow; that the interest which Mary E. Watkins took in the 35 acres was either a life estate, or an undivided interest, and it was alleged that she took a fee-simple title to that tract. Affirmatively they pleaded that Mary E. Watkins was the owner of the 112 acres, and that she was in the actual possession of it for more than forty years and from the year 1881 until her death in 1927. They admitted that the 35 acres were conveyed to her by the master commissioner of the Henderson circuit court in 1881, and alleged that she was the owner of the land and in the actual possession thereof from that date until her death in 1926; that Mary E. Watkins left a will, by the provisions of which she left all of her property of every kind to Sue Ann Watkins, and that by reason of the will she was the owner and entitled to the possession of both of the tracts of land. Sue Ann Watkins prayed that her title to the land be quieted. By amended answer they admitted the execution of a will by W. J. Moss and his ownership and possession of a tract of land which was divided, and that the 35-acre tract was conveyed to their mother by the master commissioner in that proceeding.

A reply was filed denying the affirmative allegations in the answer.

It was agreed that the evidence should be taken in court orally Witnesses were introduced showing that at the death of James Wesley Watkins he resided on the 112 acres of land, and that the mother and the infant children continued to so reside after his death until some, or all, of the children, married and moved away. The widow continued to reside on the land until her death. The county clerk testified that there was a deed in his office

bearing date in the year 1869 which purported to convey 225 acres of land to James Wesley Watkins and N. B. Cosby. This deed had never been recorded. There was a memorandum on the deed indicating that it had been acknowledged, but it was unsigned. The deed was executed by G. L. Watkins and had remained in the clerk's office from the year 1873 until the time of the trial. In an effort to show that there had been a division of the 225-acre tract between James Wesley Watkins and N. B. Cosby, parts of old suits were introduced as evidence. These showed in effect that Cosby had mortgaged his half of the land described as containing 114½ acres. A suit was instituted by his creditors to set aside the mortgage as fraudulent, and the mortgagee intervened asking that his mortgage be foreclosed. The record shows that commissioners were appointed to assign Cosby his homestead interest and also to assign to him his interest in the 225-acre tract of land. This was done. The records introduced showed that the 225 acres in which Cosby had an interest were the same 225 acres purchased by G. L. Watkins at a commissioner's sale in 1868, and that he conveyed the same land to James Wesley Watkins and N. B. Cosby.

There was no evidence showing that Mary E. Watkins had any claim to the 112-acre tract through any conveyance or title papers of any kind.

When the evidence was all in, appellants asked leave to file an amended petition so that the pleadings might conform to the proof. There was objection, but the court overruled the objection and allowed the amended petition to be filed. It set up the matters established by the proof, and in that way the record was made to disclose how James Wesley Watkins obtained title to the 112-acre tract, how the undivided interest of Cosby was segregated, and how Mary E. Watkins obtained title to the 35-acre tract. After the filing of this amended petition, appellees moved the court to dismiss the petition as amended and this motion was sustained and the petition was dismissed. The counterclaim and cross-petition seeking to have the title quieted in Sue Ann Watkins was dismissed on motion of appellees. There is nothing in the record to indicate why the petition was dismissed. Appellants have discussed several points which are relied on for the reversal of the judgment.

It is first suggested that as between the parties and those claiming under them an unacknowledged

deed is valid and passes title. That is true as a general rule. In the case of Travis v. Saunders, 198 Ky. 742, 249 S. W. 1040, this court held that there is no exception to the rule that such instruments are valid as between the parties and those claiming under them although they may not be recordable instruments. One of the earliest and best reasoned cases is Fitzhugh v. Croghan, 25 Ky. (2 J. J. Marsh.) 429, 19 Am. Dec. 139. There seems to have been no departure from the rule since that opinion was written. Ferrell v. Childress, 172 Ky. 760, 189 S. W. 1149; Shoptaw v. Ridgway's Adm'r, 60 S. W. 723, 22 Ky. Law Rep. 1495. Riddell v. Jones, 191 Ky. 763, 231 S. W. 503; Virginia Iron, Coal & Coke Company v. Combs, 186 Ky. 261, 216 S. W. 846; Falls Branch Coal Company v. Proctor Coal Company, 203 Ky. 307, 262 S. W. 300, 37 A. L. R. 1172.

The unrecorded deed therefore, was sufficient to vest the title in James Wesley Watkins.

It is insisted by counsel for appellees that there is nothing to show an acceptance of the deed by James Wesley Watkins. He took possession of the land and resided on it until his death The deed was lodged in the office of the county court clerk, and, while there is no direct proof that it was ever delivered to, or accepted by, him, the fact that he took possession of the land, after a lapse of nearly sixty years, is sufficient to show a delivery and acceptance of the deed.

If James Wesley Watkins was the owner of the 112-acre tract at the time of his death, and his widow continued to reside on it with her children until her death forty-six years later, her possession was amicable to the title of her children, and she could not claim adverse possession against them. This rule seems to be well settled. 2 C. J. pp. 158, 159; Stevenson v. Huddleson, 52 Ky. (13 B. Mon.) 299; Bush v. Fitzgeralds (Ky.) 125 S. W. 716; Riley v. City of Lexington, 188 Ky. 88, 221 S. W. 228.

It is argued that there is no sufficient proof in the record to identify the 112 acres described in the petition as a part of the 225-acre tract of land that was conveyed to James Wesley Watkins and N. B. Cosby by G. L. Watkins. The proof is scanty, but what there is, is undisputed. It is established by the testimony of witnesses that the land lies in the same general neighborhood, and it is established that James Wesley Watkins resided on the 112 acres in controversy at the time of his death, and that the widow resided there continuously until her death

forty-six years later. In the absence of any evidence to the contrary, or of any showing that the 112 acres came through any other source, we must hold that the evidence is sufficient to identify it. There is no confusion here as in the case of Napier v. Combs, 204 Ky. 774, 265 S. W. 313. It is not a question of carving out of larger tracts described in title papers a smaller tract. The record shows how the interest of Cosby was taken out of the 225-acre tract by division. This is not a suit in ejectment, but is a suit for a division of the land, and the title comes from a common grantor.

There appears little, if anything at all, in the record showing, or tending to show, that Mary E. Watkins claimed the 112-acre tract of land adversely, or at all. Her will rather indicates the contrary. She leaves to her daughter, Sue Ann Watkins, "all of my estate that is left, my int. in my lands and all personal property of every kind."

It appears but natural that if she was claiming the land as her own she would not have taken the trouble to refer to that which she devised as "my interest in my lands." While little is said about it in the record, there is an admission in the pleadings that she inherited the interest of one of her sons, and, if that is true, she did have an interest and the language in her will indicates that she only claimed an interest in the land.

Whether this is true or otherwise we are forced to the conclusion that she did not own the 112-acre tract of land, and if there was any interest in that land which passed under the will it was that which she inherited from her son, if she did so inherit it.

The point is made by appellees that section 499, Civil Code of Practice, under the provisions of which this action was instituted, requires the filing with the petition the written evidence of the title to the land or copies thereof, if there be any. That is necessary when it is possible, but cases may arise when it is not possible to file the title papers, or copies thereof, and in such cases it is only necessary to comply as nearly with the provisions of the Code as is possible. It certainly should not be held that an owner of an undivided interest in land should be deprived of his right to have his interest set apart to him because he could not file title papers. In this case the amended petition fully set out the facts, and the proof showed the source of title in detail. We do not

think the petition should have been dismissed because the written evidences of title, or copies thereof, were not filed. In fact there was no objection based on this ground until after the issues had been made up and the proof taken. An amended petition was then allowed, and the amendment was sufficient to cure any defect that may have existed in the original petition. But it is insisted that the amended petition should not have been allowed, but the chancellor has a wide discretion in such matters and his ruling on this point in this case should not be disturbed. The chancellor should rarely seek to deprive a party of his right to have his cause heard if he may grant him that right within the rules prescribed by law.

As to the 35-acre tract we have a somewhat different question presented. By the will of her father, Mary E. Watkins and her children received a devised estate "to be entailed for their use and benefit." The question is whether she took a life estate, or a fee-simple title to her interest in the property. This depends upon a proper construction of the will of W. J. Moss. If the words used in the will had been such as are necessary to create an estate tail at common law, there would be more difficulty in this branch of the case because, by the provisions of section 2343, Ky. Stats., estates tail are converted into fee-simple titles. We deem it unnecessary to go into a lengthy discussion of the many fine points that might be considered. The language, "to be entailed for their use and benefit" does not mean very much and it is not sufficient to create an estate tail under the principles announced in the case of Simpson v. Adams, 127 Ky. 790, 106 S. W. 819, 32 Ky. Law Rep. 617, or in the case of Williams v. Ohio Valley Banking & Trust Company, 205 Ky. 807, 266 S. W. 670. The authorities are discussed in detail and at some length in the last-cited opinion. Under the will of W. J. Moss, Mary E. Watkins took a life estate, and her children the remainder. Further authorities that support this conclusion are Harper et al. v. Patterson et al,, 147 Ky. 356, 144 S. W. 42; Forquer v. Bovard, 154 Ky. 377, 157 S. W. 724.

Appellees insist that under the authority of the case of Foust v. Hill, 215 Ky. 364, 285 S. W. 235, the possession of Mary E. Watkins was adverse to that of the remaindermen, as she was claiming under a deed purporting to vest her with a fee-simple title to the land. We do not think the deed is susceptible of that construction. It

refers to the proceedings for the division of the Moss land, and it is very clear that the intention was to vest in Mary E. Watkins such interest as she had in the land under the will of her father. The division was a division of the life estate, and the conveyance conveyed to her only a life estate, and she could not claim adversely to the remaindermen. There is no evidence in the record that she tried to do so. Under the authorities of the opinions in the cases of Althoff v. Cull, 186 Ky. 120, 216 S. W. 361 Holmes v. Lane, 136 Ky. 21, 123 S. W. 318, and Fox v. Faulkner, 222 Ky. 584, 1 S. W. (2d) 1079, Mary E. Watkins could not hold the 35-acre tract adversely to the rights of the remaindermen. It is not a question of holding under a void deed. There is no question of a collateral attack on the judgment dividing the lands of Moss as contended by appellees. We simply hold that, under the provisions of section 2351, Ky. Stats., there being nothing to the contrary in the deed itself, the master commissioner conveyed to Mary E. Watkins only a life estate in the 35 acres, and that the remainder belonged to her children, and that she could not acquire title to it by adverse possession. If she inherited any interest in this 35 acres from her son, it passed under her will to her daughter.

We have reached the conclusion that the chancellor should not have dismissed the petition, but should have granted the relief sought therein by adjudging a division of the land among all of the children of James Wesley Watkins and Mary E. Watkins, but the record is not in such condition that we are able to determine whether Mary E. Watkins inherited the interest of her son, John, as there is nothing to show whether he died during his infancy or after he reached the age of twenty-one years. If she inherited the interest of her son in the remainder, it passed under her will to the appellee, Sue Ann Watkins.

Judgment reversed and cause remanded for proceedings consistent with this opinion.