## Jarett v. Adolph et al.

(Decided Nov. 10, 1936.)

GREENBERRY SIMMONS for appellant.

LUKINS & JONES for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was brought by a stockholder of a corporation against one of its directors to recover the amount alleged to have been lost by the corporation by reason of an ultra vires contract between it and the defendant director. He sued for and in behalf of the corporation. On the plaintiff's motion, the case was re-

ferred to the master commissioner, who, after hearing proof, found that the contract of which plaintiff complained was ultra vires, but he recommended in his report that the defendants' plea of estoppel be sustained. The commissioner's report was approved, and a judgment was entered dismissing plaintiff's petition.

The facts disclosed by the record are substantially these: In September, 1925, a corporation was organized under the laws of Kentucky known as Adolph & Dungan, Inc. The authorized capital stock was $80,000, divided into 800 shares of the par value of $100 each. The incorporators were Charles H. Dungan, Pearl N. Dungan, his wife, and E. C. Adolph. The Dungans subscribed for 797 shares, and Adolph for 3 shares, which, it appears, were issued to him for the purpose of qualifying him to act as a director. In January, 1926, Adolph leased to the corporation, for a term of five years, a building owned by him located on Walnut street in Louisville. The business which the corporation was authorized to transact was that "of trade engraving and manufacturing of stationery and the doing of all things necessary and incident thereto." The corporation occupied only a part of the building leased from appellee, and it sublet the remainder of the building to a third party, who used it for the purpose of operating a garage. In January, 1931, the lease was renewed for a term of two years. Some time in March, 1931, Adolph surrendered his shares of stock to Dungan, and ceased to be a stockholder or director of Adolph & Dungan, Inc. He requested Dungan, who was president of the corporation, to cancel the lease on the property, and also to remove the name Adolph from the corporate name, as he wished to conduct an engraving business in his own name. Dungan called a meeting of the stockholders of the corporation. There were six stockholders, and all of them were present at the meeting held on March 25, 1931. Appellant, O. M. Jarett, was secretary of the meeting, and prepared the minutes which were signed by him and C. H. Dungan, president. These minutes disclose that it was a special meeting called by Dungan to consider the requests made by Adolph, and that after the matter had been thoroughly discussed the stockholders voted unanimously to decline to cancel the lease. Adolph had no further connection with the corporation until November, 1931, when he purchased 748 shares of the capital stock,

and was elected president and chairman of the board of directors. This action was instituted in January, 1933.

Even if it be conceded that the contract between the corporation and appellee was ultra vires and resulted in a loss to the corporation, it does not follow that the contract can be repudiated by the corporation. No rights of creditors are involved, and there is no question of public policy. Only the rights of the stockholders are involved, and they are estopped by their action in refusing to cancel the contract with full knowledge of the facts. This suit was filed on January 14, and the two-year lease contract expired on January 17. To all intents and purposes it had been fully executed. In addition to the other relief prayed for, the plaintiff sought to prevent a renewal of the lease, but the lease was not renewed, so that question is out of the case. Courts ordinarily will not interfere with contracts of a corporation, though ultra vires, for the purpose of depriving either party of what has been acquired under them, when the contracts have been executed on both sides. In Fletcher's Cyclopedia of the Law of Private Corporations, vol. 7, sec. 3497, it is said:

"When an ultra vires contract has been fully performed on both sides, neither party can maintain an action to set aside the transaction or to recover what has been parted with. In other words, neither a court of law nor a court of equity will interfere in such a case to deprive either the corporation or the other party of money or other property acquired under the contract. This rule is well settled. Ultra vires will not justify the reopening of a completely executed transaction. Stated differently, if an ultra vires contract is fully executed on both sides, it cannot be attacked or set aside either by the corporation or by the other party to the contract, and the fact that the contract is ultra vires cannot be collaterally urged by a third person not a party to the contract."

The text is supported by numerous authorities cited in the footnotes. In a proper case a nonassenting stockholder may enjoin a threatened ultra vires act or contract of the corporation, but a stockholder cannot attack acts or contracts as ultra vires, where he has given his consent thereto or has participated in the ultra vires act. Lincoln Court Realty Co. v. Kentucky Title Sav-

ings Bank & Trust Co., 169 Ky. 840, 185 S. W. 156; Browning v. Mullins, 13 S. W. 427, 12 Ky. Law Rep. 41.

One stockholder who owned stock of the corporation at the time the contract was made in January, 1931, and also at the time the suit was instituted in January, 1933, was not present at the meeting on March 25, 1931, when the stockholders refused to cancel the contract. It is argued that an estoppel cannot, therefore, apply where the suit is for the benefit of the corporation and all its stockholders. The facts concerning this stockholder are these:

One Arthur Suhre owned stock of the corporation in January, 1931, but he sold all of his stock in February, 1931, and its purchaser was present and voted it at the stockholders' meeting on March 25, 1931. More than a year later, he purchased a few shares of stock, but sold them after this suit was instituted. He was not a stockholder when the contract was ratified by the unanimous vote of all the stockholders, and he made no complaint while he owned the stock later acquired. The authorities are not in accord as to the right of a stockholder to maintain an action to avoid an improper transaction consummated at the expense of the corporation before he acquired his stock. Pollitz v. Gould, 202 N. Y. 11, 94 N. E. 1088, 38 L. R. A. (N. S.) 988, and note, Ann. Cas. 1912D, 1098. Under neither of the rules followed by the various courts, however, can appellant maintain the action under the facts of the present case.

The answer was a traverse, but before the hearing before the commissioner was completed, the defendant tendered an amended answer to conform to the proof. This amended answer pleaded the facts constituting estoppel. The court ordered it to be filed, and appellant complains of this. The record discloses that it was agreed that this pleading should be filed without objection, and that the plaintiff should be permitted to file an amended petition. Furthermore, it was a matter within the sound discretion of the court. Kerr v. Watkins, 234 Ky. 104, 27 S. W. (2d) 679.

The judgment is affirmed.