## Jones et al. v. Driver et al.

Feb. 23, 1940.

King Swope, Judge.

Frank S. Ginocchio, W. E. Darragh and Elmer Drake for appellants.

Gayle Mohney for appellee Driver & Driver.

Stoll, Muir, Townsend & Park for appellee Driver & Jones.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellees, Elizabeth Jones Driver and her husband, T. E. Driver, the plaintiffs below, filed their petition in equity against the executrices, the widow, and the infant grandchildren, of Doctor A. B. Jones, asserting title to a one-half interest in a duplex apartment on Stone Avenue in Lexington, which property passed to his grandchildren by the residuary clause in Dr. Jones' will. The petition named as defendants the three infant children of the plaintiffs, the infant son of the deceased brother of Mrs. Driver, as well as the trustee and guardian of this latter infant.

In an exhaustive and well considered opinion the chancellor held that the proof showed Dr. and Mrs. Jones signed and delivered an unacknowledged deed to Mrs. Driver thereby conveying a one-half undivided interest in the property to the grantees, Mr. and Mrs. Driver. Appellants seek a reversal of the judgment because: (1) Errors committed by the chancellor in the admission and rejection of evidence; (2) there was no evidence to support the judgment.

Mrs. Driver is a daughter of Dr. Jones and she and her husband claim title to the real estate in controversy by reason of an unacknowledged, therefore unrecordable, deed, which their petition alleges Dr. and Mrs. Jones signed and delivered to Mrs. Driver on Nov. 15, 1927, conveying to Mrs. Driver and her husband a one-half undivided interest in the property. At the threshold, we will state the chancellor ruled correctly that Mrs. Driver and her husband were not competent witnesses to testify as to any transaction either of them had with the decedent Jones, Civil Code of Practice, sec. 606, subsec. 2, and the many cases cited in the notes thereunder. Nor could Mr. Driver testify in favor of his wife concerning any transaction he might have witnessed between her and Dr. Jones, Civil Code of Practice, sec. 606, subsec. 1. However, Mrs. Driver was a competent witness when she testified she had this

deed in her possession until suit was brought, and that she occupied one of the duplex apartments for about eight years before the death of her father. Such testimony does not relate to any transaction or to any communication between her and her deceased father, therefore it is not prohibited under subsec. 2 of Section 606 of the Code.

The widow, Mrs. Jones, testified she and her husband signed this deed in the fall of 1927 conveying a one-half undivided interest in this property to Mr. and Mrs. Driver, and that her husband then delivered same to Mrs. Driver. Mrs. Jones further testified she was familiar with the handwriting of her husband and that a codicil on a canceled will found in his papers after his death was entirely in his handwriting. This codicil was introduced into evidence and reads as follows:

"This Codicil and why, Aug. 2, 1934.

"Since making the above will, my daughter Elizabeth Driver has become heir to two more children, and in order to equalize for maintenance of my Grand Children I am now willing to my daughter my ½ interest in the apartment building at 209 Stone Ave., she holds a deed to the other one half for which she paid for it the time it was built in 1931.

"(Signed)    A. B. Jones.

"Wit: D. S. Roach."

Objection is made by appellants to Mrs. Jones' testimony on the ground that she cannot testify for herself against her husband's estate. Further objection is made to her testifying that her husband signed the deed and delivered it to his daughter and to her testifying that the codicil to this canceled will was in his handwriting, on the ground that she obtained knowledge of these facts by virtue of her marital relation. It is evident that Mrs. Jones was not testifying for herself against her deceased husband's estate, but rather that she was testifying against her interest since she would defeat any claim to dower which she could assert in this property by renouncing the will. Her testimony that she saw Dr. Jones sign this deed and deliver it to his daughter is not testimony concerning facts coming to her knowledge by virtue of her marriage, but

were facts which anyone could have known or seen who might have been present, Hughes v. Bates' Adm'r, 278 Ky. 592, 129 S. W. (2d) 138, and cases therein cited. We held in Nelson v. Nelson, 235 Ky. 189, 30 S. W. (2d) 893, that the widow's testimony that a paper was in the handwriting of her deceased husband was not testimony concerning any communication made to her by the husband during marriage.

It has long been the general rule in this State that an unacknowledged deed, although not a recordable instrument, passes title between the parties where no intervening equities are affected, Kerr v. Watkins, 234 Ky. 104, 27 S. W. (2d) 679; Cornett v. Maddin, 277 Ky. 480, 126 S. W. (2d) 871. Accompanying the possession of a deed is a strong presumption of such legal delivery as will pass title, and this presumption places the burden onto the one contesting the title to establish by clear and convincing evidence that it was not intended by the grantor and grantee that title should pass. McHargue v. McHargue, 269 Ky. 355, 107 S. W. (2d) 278. But here the appellees did not rely upon this presumption, nor did they await the appellants assuming the burden, but by clear and convincing evidence the appellees, themselves, proved there was legal delivery of the deed to them by Dr. Jones with the intention to convey them the title. In addition to the testimony of Mrs. Jones above referred to, L. T. Rankin, a realtor, testified that Mrs. Driver brought this deed to his office between October 1930 and July 1932, and that it was signed by the grantors; he further testified that Dr. Jones had mentioned to him that Mrs. Driver owned half of this property. D. S. Roach testified he was the subscribing witness to the codicil above quoted. And this codicil plainly shows Dr. Jones was under the impression he had conveyed the half interest in this property to his daughter. Ben P. Eubank, superintendent of the company which constructed the apartment, testified that Dr. Jones told him Mrs. Driver would have to raise the money to pay for her part of the building; that she paid $9,325.30 and her father paid $5,000 of the cost of construction.

This evidence leaves no doubt in the mind but that Dr. Jones delivered this deed to his daughter intending to pass title to the property described therein to the

grantees. Appellants offered no evidence except a financial statement which the Doctor made to a bank on Nov. 4, 1934, in obtaining a loan in which he listed this property for $12,000 among his assets. The chancellor excluded the financial statement as it was made in the absence of appellees and was hearsay; also, it was self-serving declaration; and it was irrelevant, since Dr. Jones may have listed with the bank his one-half interest in this property at $12,000.

We are unable to agree with appellants that this deed cannot be considered as part of the record because it was never formally offered in evidence. Several of the witnesses were shown the deed and testified concerning it, and we have held that where a deed was read to the jury by a witness this amounts to its introduction in evidence, Kentucky Coal Lands Co. v. Hughes Lumber Co., 187 Ky. 354, 218 S. W. 1024. In the recent case of Shelton v. Com., 280 Ky. 713, 134 S. W. (2d) 653, it was written that where witnesses were shown a coat of defendant which they identified in the presence of the jury as belonging to defendant, the coat was introduced in evidence. In Dean v. Eastern Shore Trust Co., 159 Md. 213, 150 A. 797, it was said that to require a check to be formally introduced in evidence, after a witness had testified concerning the check while holding it in his hand in the presence of the jury, would be a species of judicial ritualism.

Appellants contend that the only defendants interested in the outcome of this case are the infants, therefore the proof should have been taken upon interrogatories as required by Section 574 of the Civil Code of Practice. However, the bank as trustee of one of the infants, and the guardian of this infant, were both named defendants, as was the widow of the testator, and the proof was read against them as well as against the infants; hence Section 574 has no application. Sears v. Collie, 148 Ky. 444, 146 S. W. 1117; Webb v. Webb, 190 Ky. 574, 228 S. W. 13.

**The judgment is affirmed.**