**Annie FELLA, Appellant,**

**v.**

**Marcella HORNEY, Individually, and as Administratrix of the Estate of Earl Fella, Deceased, Appellee.**

Court of Appeals of Kentucky.

May 2, 1958.

Rehearing Denied Oct. 3, 1958.

Robert Hubbard, Jesse Y. Hubbard, Louisville, D. C. Goble, Cannelton, Ind., for appellant.

Frank W. Burke, Louisville, for appellee.

MONTGOMERY, Judge.

Annie Fella, the surviving widow, filed this action to settle the estate of Earl Fella, deceased. The case was transferred from the Chancery Branch to the Common Pleas Branch for trial of the following issue:

"Does the jury believe from the evidence that on February 15, 1954, at the time Annie Fella received the sum of $3,987.50 on the purchase price of the real estate in Cannellton, Indiana, Earl Fella her husband promised Annie Fella that if she would deposit the said sum in the Bank of St. Helens and permit him to draw upon same and use it, that he would will to her all of his estate?"

The jury returned a verdict adverse to appellant. Judgment was rendered pursuant to CR 54.02 upon return of the case to the Chancery Branch.

Annie Fella married the decedent on June 23, 1953. They had been raised in the same community. Each had been married previously. Their respective spouses had died. The decedent had no natural children. Marcella Horney, an adopted child, is his only heir at law. She was a half great-niece. The appellant is now past seventy-five years of age and was about eleven years older than the decedent.

At the time of their marriage, the decedent lived in a two-room house that lacked conveniences. It was located on a small tract of land. Appellant had contracted to sell some real estate received by her from her first husband. She had been paid $500. Shortly after the marriage, she was paid $3,987.50 more. The latter sum of money was placed in the joint bank account of appellant and her husband and checked on by both. Part of the money was used to pay for improvements to the house.

Appellant alleged that the decedent obtained her money in consideration of his promise to leave her his entire estate by will. He died intestate on September 10, 1955. She seeks to recover his entire estate or the amount of money received as a claim against the estate.

Appellant's case is based on the testimony of Albert Hardesty, her brother, who testified to frequent visits in the home of appellant and her husband. Asked concerning the nature of "quite a few" conversations with decedent, he said:

"Well, the last one that I had with him down there, that was the latter part of May 1954, and he told me that if my sister, that was Annie, if she would let him use her money to build this house that he would will her everything he had, now he promised to will her the money."

Hardesty remembered no other conversations on the same subject.

Charles G. Denzik, Sr., a neighbor, testified concerning a conversation with the decedent in June or July 1955, as follows:

"* * * 'Well,' he said 'Marcella, I give her part up here in a strip of ground,' and he said 'that's all she's entitled to.' Then he said 'the rest of it I want Miss Anne to have it if anything happens to me.'"

The evidence in behalf of appellee was to the effect that the decedent had suffered a paralytic stroke prior to the marriage and never fully recovered. Appellee testified to an occasion prior to the marriage when appellant and the decedent were discussing marriage. She said that appellant told decedent:

"'Now Earl, I have a place in Cannelton,' I understood her to say 'a farm in Cannelton, and we can always sell

that, and with what you have and your place and that, we can get along our days.' "

Close neighbors said that they never heard decedent discuss his business affairs or the making of a will.

■ The burden of proof was on appellant to establish that the decedent received the $3,987.50 in consideration of a promise to devise his estate. The only proof introduced to show a promise was that of her brother, Albert Hardesty. The statement of Denzik, at best, would indicate a desire for appellant to have his estate, which was not carried into effect. The testimony of appellee and her witnesses is attacked as being purely negative in character and unsuitable to create an issue of fact to be submitted to the jury. Appellant contends that she was entitled to a directed verdict at the end of all the testimony.

■■ The proof is conflicting as to why appellant placed her money in a joint account. Appellee's proof shows that it was a pooling of resources done at appellant's suggestion made prior to the marriage, which was denied. The jury may have believed this reasonable explanation or it may have felt that the proof for the appellant was insufficient to establish the promise claimed. In either event, there is no justification for setting aside the jury's verdict.

■ Appellant complains that the trial judge denied her the right to file an amended pleading allegedly to conform to proof heard on the trial. When the case was transferred back to the Chancellor, he also denied the motion. The action of the trial judge was correct because he was authorized to try only the issue ordered by the Chancellor. The allowance of an amended pleading to conform to the proof is a matter of discretion for the Chancellor. Kerr v. Watkins, 234 Ky. 104, 27 S.W.2d 679. The situation presented is unique. The ruling was not an abuse of discretion.

Judgment affirmed.