Bernard D. FEINSTEIN, Plaintiff-Respondent,

v.

Katheryn P. McGUIRE, as Widow and Surviving Spouse and as the Personal Representative of Kenneth P. McGuire, Deceased, and as Heir and Devisee of Kenneth P. McGuire, Deceased; and Kenneth P. McGuire, Jr., as Heir and Devisee of Kenneth P. McGuire, Deceased, Defendants-Appellants.

No. 47389.

Supreme Court of Missouri,
Division No. 1.

Nov. 9, 1959.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 14, 1959.

# 612

Robert V. Niedner, Niedner & Niedner, St. Charles, for respondent.

Joseph B. Wentker, St. Charles, Dubinsky & Duggan, St. Louis, for defendants-appellants.

HYDE, Presiding Judge.

Action to determine title to 159.58 acres in St. Charles County, in which defendants claimed a one-half interest. Verdict and judgment were for plaintiff and defendants have appealed.

This case has been before this court on two previous occasions. Feinstein v. McGuire, Mo.Sup., 297 S.W.2d 513, and Feinstein v. McGuire, Mo.Sup., 312 S.W. 2d 20. The principal issue is whether plaintiff made a case for the jury. Defendants contend that plaintiff's proof was not sufficient to show title by adverse possession and this depends on their contention that witness Munday was an incompetent witness because the original defendant McGuire had died after the second trial. Defendants say "excluding Munday's testimony, plaintiff's evidence is far short of establishing adverse possession for ten continuous years." On the first appeal, we held that plaintiff's evidence showed that his grantors, Munday and Thielecke, were in possession for 9 years, 9 months and 26 days, sufficiently to have "fully established the five elements that need to be shown in order to constitute the possession 'adverse.'" 297 S.W.2d loc.cit. 517. Plaintiff's proof in the present case is even stronger on the adverse possession of Munday and Thielecke and indicates more than a month longer possession by them. Plaintiff's proof herein also supplies the period and character of his possession after receiving a commissioner's deed in partition for the Munday and Thielecke title, sufficiently to prove adverse possession for the full statutory period of ten years. Therefore, the only remaining question for our decision herein is whether the court erred in permitting Munday to testify in this last trial.

Defendants rely on Section 491.-010 RSMo 1949, V.A.M.S., called the dead man's statute, contending Munday was disqualified because plaintiff was claiming title under her. The material part of this statute is as follows: "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, * * * provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor."

It seems obvious that Munday is not within the terms of the disqualification of this statute because she is neither a party to this cause of action nor to any contract in issue herein. There is, in fact, no contract with the deceased defendant McGuire which anyone relies on or is attempting to enforce, claiming under Munday or otherwise, to be in issue in this case. (See The "Dead Man's Statute" in Missouri—Garden, 23 Washington Univ.L.Q. 343, 362.) Plaintiff had a deed for Munday's interest in the land (a commissioner's deed in partition) but McGuire was not a party to that conveyance and never questioned its validity so it is not and never was a contract of "one of the original parties" hereto in issue between the parties herein. Plaintiff's claim, based on adverse possession of Munday and Thielecke and himself, certainly is not based on contract with McGuire, by Munday or anyone else.

A claim of title by adverse possession does not involve a contract. Spence v. Spence, 238 Mo. 71, 77, 141 S.W. 898. Moreover, McGuire's testimony in first trial (part of which plaintiff offered herein) was that he had never seen the land or paid any taxes on it since 1923. Thus McGuire was not personally able to contradict Munday's testimony as to acts of adverse possession and did not attempt to do so in either previous trial. In some states with broader statutes than ours, in which the term "transaction" rather than "contract" is used, "the courts have laid down as a test: Could, in case the witness testify falsely, the deceased of his own knowledge, if living, contradict the witness if the latter testified falsely" (58 Am.Jur. 159, Sec. 238; see annotation, 155 A.L.R. 966, 992; see also Elsea v. Smith, 273 Mo. 396, 408, 202 S.W. 1071; Citizens' Bank of Edina v. Kriegshauser, 211 Mo.App. 33, 244 S.W. 107, 111; Ford v. McClain, 164 Mo.App. 174, 179, 148 S.W. 190). Certainly under this test, Munday would be a competent witness.

The Spence case, supra (238 Mo. 71, 141 S.W. 898), holds that even parties were not disqualified under this statute from testifying to acts of adverse possession of the person from whom they derived title, although the previous holder of the title claimed had thereafter died; and in Jones v. Driver, 282 Ky. 82, 137 S.W.2d 729, it was held that a party's testimony concerning her own possession of property does not relate to any transaction with the deceased owner and was admissible. Furthermore, in Dougherty v. Strong, 313 Mo. 27, 281 S.W. 445, we held that a witness, who was a conduit of title between a deceased grantor and a deceased grantee, could testify about his part in these conveyances. In that case, the evidence showed that plaintiff's agents, Van Trump and Mrs. Strong, for the purpose of defrauding plaintiff of an investment in a note secured by a trust deed, had the trust deed foreclosed, bid in by Van Trump and a trustee's deed made to Van Trump. To con-

ceal the transaction, Van Trump and wife conveyed to witness Harris, who with his wife conveyed to Mrs. Strong and her husband. Both Van Trump and Mrs. Strong died and plaintiff brought suit against Mr. Strong to recover the property. Harris was permitted to testify that he gave nothing for the deed to him from the Van Trumps and received nothing for his conveyance to the Strongs. On defendant's claim of error, we held Harris was not disqualified, saying: "Harris was not a party to this cause of action. The matter at issue and on trial was the fraudulent manipulation by Van Trump and Bertha O. Strong of the plaintiff's business whereby the record title of her property was attempted to be vested in Bertha O. Strong and her husband, the defendant. Harris, not being a party to the suit, and having no interest in or connection with the same other than to permit Van Trump to use him as a convenient and gratuitous conduit for the transfer of the title to the plaintiff's property from Van Trump to the Strongs, cannot be held to have been testifying in his own favor or in favor of any party to the action claiming under him. * * * Moreover, this was not a suit upon a contract or any issue arising out of or connected with a contract. It was a suit in which the plaintiff sought to divest the defendant of a paper title to her property obtained by him through the fraudulent practices and false transfers of Van Trump and Bertha O. Strong of which the record bears testimony that the defendant was familiar."

Likewise, in this case, we do not have a suit on a contract; and Munday was not a party to this action. Furthermore, she had no interest in the result and had not received a conveyance from a deceased party nor made a warranty deed to a deceased party, as had Harris in the Dougherty case. Her interest had been conveyed by commissioner's deed in partition so she could gain or lose nothing, no matter how this case was decided, and there was no contract or even transaction with the

original deceased defendant (who never knew that Munday and Thielecke were on the land) in issue in this case under which she or anyone else claimed title. We, therefore, hold that Munday was a competent witness to testify about the possession, claims and acts of adverse possession of Munday and Thielecke as to the land herein involved.

The judgment is affirmed.

All concur.