Case 26—PETITION EQUITY—March 16.

# Colyer v. Hyden, &c.

APPEAL FROM PULASKI CIRCUIT COURT.

1. A DEED MAY BE DELIVERED TO A THIRD PERSON FOR THE GRANTEE, and if subsequently assented to by the grantee, it will be as good a delivery as if it had been made directly to him. And this is true. although the deed may not have been delivered to or accepted by the grantee until after the death of the grantor.

2. DELIVERY OF DEED.—Where the grantor handed to his wife a deed in which his children were named as grantees, and told her to put it away or to take care of it, and after the death of the grantor she delivered it to the grantees, there was no delivery of the deed so as to pass the estate. The fact that the grantor had retained a life estate in the property and may have thought the immediate delivery of the deed would be of no service to the grantees, did not dispense with the necessity of delivery.

WILL C. CURD FOR APPELLANT.

There was a sufficient delivery of the deeds. (Bell v. Farmers' Bank, 11 Bush, 39; 5 Am. & Eng. Enc. of Law, p. 448, note 4.)

O. H. WADDLE FOR APPELLEES.

The deeds were properly set aside. They were procured by undue influence, were never delivered, and were without consideration to uphold them.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

A few weeks before his death, Alex. Colyer, who was quite old and decrepit, executed three deeds for certain lands of which he was the owner, in two of which the appellant, who was his grandson, was alone the designated grantee; in the other the appellant, jointly with Susannah Colyer, his step-daughter, and L. R. Colyer, a son, were the grantees named. The validity of these conveyances was assailed by the other children of the deceased—the appellees here—

by reason of the mental inability of the grantor, the exercise of undue influence over him, and because the alleged conveyances were never delivered to the grantees in the life-time of the grantor. The lower court upheld one of the deeds—that to the appellant for the home place of some seventy acres—and set aside the other two.

We think there can be no question of the correctness of the judgment sustaining the first-named deed. The old man had contracted in writing with his grandson some time in 1888 to the effect that he would give him the home place, provided he would come home from the West and live with him, and care for him and his wife. They were both old and feeble, and needed his help. The grandson did so, and shortly before his death the grantor had the deputy clerk to prepare the deed, which he executed in pursuance of the original contract, and delivered to the draftsman, who proves he delivered it to the appellant in a few days thereafter.

There appears to have been no lack of capacity to make the deeds, and no evidence of the exercise of undue influence in their procurement. We think, too, that there was a legal delivery of the deed for the twenty-five acre tract to the appellant. It was signed and acknowledged by the old man and his wife, and delivered to the draftsman, the deputy clerk, for the grantee, and delivered to and accepted by him in some three or four weeks thereafter, though after the death of the grantor.

It is now fully settled that a deed may be delivered to a third person for the grantee, and if subsequently

assented to by the grantee it will be as good a delivery as if it had been made directly to him. (Fonda v. Van Horne, 15 Wend., 633.)

With respect to the joint deed for the two hundred acre tract, the state of case is different. After its preparation and acknowledgment, the grantor handed it to his wife, and told her to put it away, or to take care of it. There was no delivery of it to any of the grantees, or to any one for them, until after the grantor's death, when his wife gave it to the husband of one of the grantees. We think there was no delivery of this deed so as to pass the estate. It seems to have been the intention of the grantor to keep control over the instrument until fully determined whether ultimately to deliver it.

It may be inferred that because he had retained a life estate in the property, he thought its immediate delivery would be of no service to the grantees, and that his intention is clear that they should have the property at his death. And yet, the fact remains, he did not deliver it, or authorize or direct its delivery, and can not, therefore, be said to have divested himself of the title to the estate. In Maynard v. Maynard, 10 Mass., 456, the deed was executed with the usual formalities and recorded, and "the grantor requested the witness to keep the deed until it was called for." The grantee died; the grantor called for and cancelled it. The court said it was clear that no title passed. "The only reason why it did not pass," said the court, "was that the deed was not delivered as the deed of the grantor for the use of the grantee."

There appears to have been no error in setting off the appellant's claim against the estate by the one-half of his note. The result reached by the chan-cellor seems just and proper.

Because of the error indicated the judgment is reversed, with directions to proceed as herein determined.