### Sasseen v. Farmer, et al.

(Decided March 5, 1918.)

Appeal from Caldwell Circuit Court.

1. Deeds—Delivery—Manner of.—The delivery of a deed, to be effectual, need not be by manual delivery but may be made by words without acts, acts without words, or by both words and acts.

2. Deeds—Acceptance—Possession.—It is not necessary to the legal acceptance of a deed that grantee have actual possession of it.

3. Deeds—Delivery and Acceptance—Presumption.—Where grantor signed and acknowledged a deed to his wife, and had it recorded after her death, for property, the purchase price of which she paid or contributed to, and the parties were childless, there is a presumption that grantor intended to and did deliver the deed to his wife and that she accepted it at the date of the deed.

4. Quieting Title—Evidence—Sufficiency.—In an action to quiet title to land, evidence held sufficient to warrant a decree quieting plaintiff's title.

MILLER & MORSE for appellant.

L. B. ALEXANDER for appellee, Mable Farmer.

SPEIGHT & DEAN for appellees, Stone heirs.

OPINION OF THE COURT BY JUDGE CLARKE.—Reversing.

On January 4, 1909, Henry C. Stone signed and acknowledged before the county clerk of Caldwell county a

deed conveying to his wife, Lillie F. Stone, a house and lot in Princeton, Kentucky. He did not then have this deed recorded, and appellees insist there is no positive proof that he ever delivered it to his wife. He and his wife continued to occupy the premises described in the deed as their home until her death, on November 24, 1914, during which time he listed the property for taxation in his own name and presumably paid the taxes thereon, but, on several occasions, he said to different persons that the property belonged to his wife, and she, upon several occasions, had in her possession a small tin box which belonged to him and in which he at least kept his valuable papers. Once when he was quite ill, he said to his wife, in the presence of one of the witnesses: "I am still alive. If I had died last night, though, you would have been all right. You have got the papers here to show that you have got plenty to live on if I had died last night." The wife then had the little tin box in which he kept his valuable papers; and, at that time, practically the only property owned by either of them was the house and lot described in the deed he had executed to his wife.

Henry C. Stone and his wife, Lillie F. Stone, had but one child, a son, who died childless prior to the death of his mother; and Lillie F. Stone from money given her by her parents, furnished part at least of the funds used in the purchase of the property involved.

On April 9, 1915, Henry C. Stone conveyed this same property to Nola Whiteside in consideration of her agreement to nurse and care for him so long as he lived. Four days later, Nola Whiteside re-conveyed the property to Stone in consideration of her release of the obligation to nurse and care for him recited in the deed to her. A short time after this Stone married again and in November, 1915, his second wife, Mattie C. Stone, sued him for divorce and alimony, attaching the property above referred to. On December 24, 1915, Stone had recorded the deed which, on January 4, 1909, he had executed to his first wife. On March 1, 1916, Stone executed a will devising this same property to Mabel Farmer, and upon the same day committed suicide. On January 15, 1916, Mattie C. Stone, the second wife, conveyed to Sallie Sasseen, the mother of Lillie F. Stone, by quit-claim deed, whatever interest she owned in this property.

Sallie Sasseen, claiming to have inherited this property as the only heir of her daughter, Lillie F. Stone, and

to be in possession thereof, instituted this action, under section 11, Kentucky Statutes, to quiet her title thereto, making Mabel Farmer, the devisee under the will of Henry C. Stone, Dr. I. Z. Barbour, administrator with will annexed of Henry C. Stone, and the heirs of Henry C. Stone parties defendant. Each of the defendants filed separate answers, denying both the title and possession of plaintiff and asserting title to the property. The claim of each defendant of title to the property was denied by plaintiff in reply to the separate answers. After trial, the chancellor dismissed the petition, cancelled the deed from Henry C. Stone to Lillie F. Stone, adjudged that Henry C. Stone was the owner of the property at the time of his death, ordered it sold to pay his debts and costs of administration; that Mattie C. Stone was entitled to dower in the proceeds of sale of the property; and withheld judgment as to whether Mabel Farmer, as devisee, or the heirs of Henry C. Stone were entitled to the balance of the funds derived from the sale of the property. From that judgment, plaintiff appeals.

1. Appellees insist, first, that as plaintiff began this suit to quiet title and alleged, as she must have done, that she had both title and possession, and failing to prove possession, she can not complain of the judgment dismissing her petition; and this position, assuming plaintiff failed as alleged to prove possession or title, would have been correct had the judgment gone no further than to dismiss plaintiff's petition. But, as defendants not only traversed the petition but, in addition, alleged title in themselves and sought and procured a judgment, not only on the question of quieting plaintiff's title, but upon the question of their own title under Henry C. Stone, including the cancellation of plaintiff's deed from him, it will be seen the parties and the chancellor treated the suit as an action to try the title to the property among all the parties, rather than simply as an action by plaintiff to quiet title; and we might therefore so consider it. However, the question of possession depends entirely upon the question of title, as Mrs. Mattie C. Stone, who was actually in possession, was holding under contract as tenant of plaintiff if she had title; and if plaintiff's title is upheld, she had both title and possession and was entitled to the specific relief sought.

2. Counsel for plaintiff insist (1) that an actual delivery of the deed to Lillie F. Stone by Henry C. Stone

during her lifetime is proven by circumstantial evidence, and (2) that such a delivery is presumed from the conceded facts that Stone signed, acknowledged and had the deed recorded.

Defendants deny actual or any delivery was proven, and urge that, although Stone signed and acknowledged the deed during the life time of his wife, Lillie, and caused it to be recorded after her death, since she was dead when the deed was recorded, there can be no presumption of a delivery to her from such facts.

It is, of course, necessary in order to render a deed effective, that there should have been a delivery by the grantor and an acceptance by the grantee, but a manual delivery by the grantor is not necessary to effect a legal delivery, nor is it necessary to a legal acceptance that the grantee have actual possession of the deed. Shoptaw v. Ridgeway, 60 S. W. 723, 22 Ky. L. R. 1495; Bunnell v. Bunnell, 111 Ky. 566, 64 S. W. 420; Interstate Investment Co. v. Bailey, 93 S. W. 578, 29 Ky. L. R. 568; Washburn's Real Property, 261; 8 R. C. L. p. 980. As is frequently said, delivery may be shown by words without acts, or by acts without words, or by both words and acts. We do not consider the fact that Stone had the deed in his possession after the death of his wife of any controlling effect whatever, because as he and his wife lived together and occupied as their home the property described in the deed until her death, even though the deed had been delivered to her, it would have fallen into his possession at her death, or might consistently have been intrusted to his custody by his wife, on account of their confidential relationship at the time of delivery if made, without ever having actually been in her possession.

The fact that he had it prepared, signed and acknowledged, and had it recorded, under the circumstances proven, is we think some evidence, or at least raises a presumption, not only that he intended to deliver it, but did deliver it to her and that she accepted it. The circumstances referred to are that, while the legal title was in him, his wife's money had paid or helped to pay for the property, their only child had recently died childless and the relationship of husband and wife together with the interest conveyed places the case almost, if not quite, within the same class as a beneficial deed to an infant, in which the grantor is considered the agent of the grantee for the purpose of accepting such a conveyance,

and the mere subsequent possession of the grantor is of no weight as evidence against his presumed delivery. Morrison v. Fletcher, 119 Ky. 488; 8 R. C. L. p. 1010. This presumption is strengthened rather than weakened by the recordation by the grantor more than six years after its execution and after the death of the grantee, because the presumption arising from the execution and recordation is not of a delivery at the time of recording but at the date of the deed. Shoptaw v. Ridgeway, *supra;* Ford v. Gregory's heirs, 10 B. Mon. 175; Hughes v. Easten, 4 J. J. Mar. 572.

This presumption is, of course, rebuttable, but, in the absence of proof to the contrary, is sufficient to establish both delivery and acceptance; or, stated otherwise, to overcome such a presumption, those who claim the invalidity of such a deed must establish by clear and satisfactory proof that the deed was not, in fact, delivered or accepted. 8 R. C. L., p. 1004.

No fact is in proof that is not entirely consistent with a delivery and acceptance upon the date of the deed. Upon the other hand, there is some proof at least of actual delivery and acceptance. Stone, while his wife was alive, told several persons that she owned 'the property and, after her death, stated under oath that the property belonged to her, and that he owned only a life estate as her surviving husband. The fact that the deed was preserved during the five years that the grantee lived on the property after its execution, and that the tin box in which it was kept was frequently in her possession and under her control, and that the grantor, upon one occasion, said to her that she had the papers evidencing her possession of plenty to live on, seem to us to indicate quite conclusively that he had delivered the deed to her and she had accepted it. The fact that the grantor, after the death of the grantee, conveyed the property to another and after the deed to his wife had been recorded by him executed a will about three hours before he committed suicide in no degree affected what he had done during his wife's lifetime, and besides, the attempted conveyance to Nola Whiteside was repudiated by her almost immediately and, no doubt, because she, the widow of the deceased son of grantor and his first wife, knew the true condition of the title and that she would not get a good title to the property.

Many cases are to be found dealing with facts nearly similar to those in the instant case, but, in all of them, there are some points of dissimilarity, which have resulted in sustaining or denying both the presumption and proof of delivery and acceptance, varying according to the peculiar facts of each case. And even in a given case, it is frequently difficult to satisfactorily interpret the proven facts with reference to delivery and acceptance as is exemplified in the illustrative case of Butts v. Richards, 152 Wis. 318, also reported, with an extensive note reviewing the authorities upon the question here involved, in 44 L. R. A. (N. S.) 528. In that case, upon facts somewhat similar to the facts here, but not nearly so persuasive of delivery and acceptance, the court was nearly evenly divided, the majority holding that the possession of the grantor at his death was presumptive of non-delivery and that there was no proof of delivery and acceptance, while three members of the court took the opposite view on both the presumption to be indulged and the effect of the proof. It was said in the majority opinion, which statement clearly distinguishes that case as viewed by the majority of the court from this:

"The inherent weakness in the case for appellant is that there is nothing in the testimony tending to show that Butts ever uttered a word or performed an act which evinced an intention on his part to vest the title to his property in his wife prior to his death, except to make a deed which he carefully locked up in his strong box the key of which he carried about his person. He guarded it as carefully as he did his pocket book," especially against his wife.

In addition to this distinguishing feature in the evidence, we are inclined to agree with the minority opinion rather than that of the majority, upon the legal presumption arising from the facts of execution, recordation and possession thereafter by the grantor where the parties are husband and wife, and especially where the wife dies first and her effects fall naturally into the hands of the surviving husband.

Considering the many authorities we have examined and especially the Shoptaw and Bunnell cases from this court, we are of opinion that the uncontradicted facts here raised a legal presumption both of delivery and acceptance upon the date the deed was executed, which is sustained by all of the proof and contradicted by no proof

whatever; and we find nothing in the cases cited by appellees, viz.: Bell v. Farmers Bank of Kentucky, 11 Bush 34; Alexander v. De Kermel, 81 Ky. 345; Colyer v. Hyden, 94 Ky. 180; and Justice v. Peters, 168 Ky. 583, which militates in any way against this conclusion, because the intention to deliver was accompanied by both words and acts of the grantor, showing that he had parted with the power and control over the deed for the benefit of the grantee. This is shown by the acts of the grantor in recording the deed, by his words in stating that the property was his wife's and that he had only a surviving husband's interest therein, and by words and acts of both grantor and grantee in reference to the tin box in which they kept their valuable papers and which evidently held this deed, as it was the most valuable paper if not the only one they possessed.

Appellees insist the proof of the testimony given by the grantor in another proceeding between different parties is incompetent as held by the trial court, and we are referred to Rucker v. Hamilton, 3 Dana 36, but it was not attempted to use the evidence taken in another case upon this trial; plaintiff simply proved an admission against interest made by the grantor, under whom defendants are claiming as heirs or devisees, and this was competent whether made in testifying under oath or not.

For the reasons indicated, the judgment is reversed and cause remanded for a judgment in favor of the plaintiff quieting her title to the property involved.