## Howard et al. v. Arnett's Adm'r et al.

May 4, 1943.

J. B. Howard for appellants.

Earl R. Cooper for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Bruce Arnett and Missouria Arnett were married in 1895 and lived together as husband and wife until the death of Missouria Arnett June 12, 1940. They had no children, and Missouria Arnett left as her heirs at law several brothers and sisters and children of deceased brothers and sisters. Bruce Arnett qualified as administrator of his wife's estate. On April 5, 1940, the heirs at law of the decedent brought an action in the Magoffin circuit court for the settlement of her estate. They alleged that she had no creditors and left cash in the bank in the sum of $1,711.16, household goods and other personal property, and two tracts of land; that the deeds conveying the two tracts of land were executed by the defendant, Bruce Arnett, and delivered to the decedent, Missouria Arnett; that they had not been recorded and were in the possession of the decedent at the time of her death, and were, at the time the suit was instituted, in the possession of the defendant, and they asked that he be required to produce them and that they be recorded. In his answer the defendant denied that the decedent was at any time the owner of the two tracts of land referred to in the petition or that he ever executed or delivered to her a deed or deeds to the land. A large amount of proof was heard, most of it directed to the issue involving the alleged execution and delivery of the deed or deeds to the two tracts of land. The court adjudged that the deeds had not been delivered, and that Missouria Arnett, at the time of her death, owned no interest in the land. Laura B. Arnett, a sister of the defendant, who intervened in the action, was adjudged a lien on the land to secure the performance of an obligation for her support imposed on Bruce Arnett in the deeds to him. It was also adjudged that Bruce Arnett, as administrator of Missouria Arnett's estate, had in his possession the sum of $1,758.81, and it was ordered that one-half be paid to him and the remaining one-half to the heirs of Missouria Arnett. The heirs have appealed from so much of the judgment as adjudges Bruce Arnett to be the owner of the two tracts of land.

One tract containing 125 acres was conveyed to Bruce Arnett in 1923 by his father, Logan Arnett. The consideration recited in the deed was $400 cash, the love and affection the first party bore to the second party, and the agreement of the second party that he would furnish and provide "one-sixth part of the amount necessary to properly care for and support his sister, Laura B. Arnett, during her natural life." The second tract containing 7 acres was conveyed to Bruce Arnett February 11, 1924, by Phoebe Howard and husband and Logan Arnett. The consideration recited in the deed was $2,000. In the deed one of the grantors, Phoebe Howard, agreed to furnish and provide one-third part of the amount necessary to maintain and support her sister, Laura B. Arnett, for and during her natural life.

B. W. Carty, a neighbor of the Arnetts and a deputy county clerk, testified that he was called to the Arnett home and requested by Mr. Arnett to prepare two deeds conveying Arnett's two tracts of land to Mrs. Arnett. He copied the descriptions from the old deeds furnished him by Arnett. Bruce Arnett had been ill for some time and was in bed. After the deeds were written he got out of bed, walked to a table in the room, signed and acknowledged the deeds, and went back to bed. Carty filled out the certificates, folded the deeds and left them on the table. They were not delivered to Mrs. Arnett while he was present. This transaction occurred in January, 1929. Logan Arnett, a nephew of Bruce Arnett, testified that it was reported to him the deeds had been stolen, and he went to his uncle's home, made a search and found them in a crayon or chalk box in the bottom dresser drawer. This occurred a few days after Mrs. Arnett's death. Besides the two deeds, there were other papers in the box including canceled checks of Bruce Arnett and some cards from Magoffin Institute showing credits earned by Mrs. Arnett, who was a school teacher. Gomer Howard, a brother of Mrs. Arnett and one of the plaintiffs, testified that he went to the Arnett home about a year before Mrs. Arnett died and found her sitting with two deeds in her lap. She looked up and said: "Gomer, don't you know that all that is left here belongs to me." Bruce Arnett stepped in the room about that time and said: "I have set the old woman in my shoes, nobody can't kick her out." Bruce Arnett denied that this occurred. His deposition was taken after a number of the plaintiffs had testified, and he stated that the deeds were

executed when he was seriously ill and after a conversation with his wife in which it was agreed that the deeds should not be delivered or recorded during his lifetime but if he died before Mrs. Arnett she could take the deeds and have them recorded. Otherwise they were to be destroyed. After B. W. Carty took his acknowledgment and left he got out of bed and put the two deeds in the chalk box in which he kept his papers. Among other papers in the box were his old deeds, his canceled checks, and accounts and other papers from the store which he operated.

In appellants' brief it is suggested without argument that the testimony of Bruce Arnett was incompetent and exceptions thereto should have been sustained. The record discloses that after plaintiffs had moved for submission of the case they tendered and offered to file exceptions to the deposition of Bruce Arnett. Two days later this order was entered: "Came plaintiffs by counsel in open court and withdrew exceptions filed to the deposition of Bruce Arnett." On the next day, October 3, 1941, the following order was entered:

"The order withdrawing exceptions to the deposition of Bruce Arnett is set aside. Counsel stating in open court that he did not consent thereto, but that he did not insist upon the court passing upon the exceptions if such would delay the trial of the case."

Judgment was rendered December 10, 1941, in vacation. At the next regular term the plaintiffs moved the court to rule upon the exceptions tendered and offered to be filed at a former term of the court, and the court overruled the exceptions.

Whether the testimony of interested parties rendered the testimony of the defendant competent need not be determined since the record shows that plaintiffs waived their right to a ruling on the question before judgment was rendered and only insisted upon a ruling at a subsequent term. This was too late. Clark County Nat. Bank v. Rowan County Board of Education, 262 Ky. 153, 89 S. W. (2d) 638; Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396. Furthermore, we are persuaded that even with Bruce Arnett's testimony eliminated the plaintiffs failed to establish that delivery of the deeds had been made. Admittedly the deeds were found in a box

in appellee's home along with other papers belonging to him. They had been in existence more than eleven years and had never been recorded though Mrs. Arnett had acquired other land during that period and had recorded her deed promptly. In order to vest title in the grantee the deed must be delivered to the grantee or his agent with an intention of passing the title. Although manual possession of a deed is transferred to the grantee, title will not vest in him unless the transfer is accompanied with an intention to pass the title. On the other hand, title may vest in the grantee although the grantor retains manual possession of the deed if it is his intention that title shall pass. He merely constitutes himself the agent of the grantee for the purpose of delivery. Intention is the essential element. Fitzpatrick v. Layne, 291 Ky. 523, 165 S. W. (2d) 13; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. (2d) 978; Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. (2d) 504; Hardin v. Kazee, 238 Ky. 526, 38 S. W. (2d) 438; Hood v. Nichol, 236 Ky. 779, 34 S. W. (2d) 429; 16 Am. Jur. Sections 115, 116, 117. As was said in Smith v. Feltner, 256 Ky. 325, 76 S. W. (2d) 25, 28:

"It is an established rule that the delivery of a deed may be either actual or constructive, but in either event there must be an intent upon part of the grantor to transfer title coupled with some act by which he parts with power of control over the instrument."

Here the evidence was insufficient to show with the certainty required in such cases that there was an intention to transfer title coupled with any act by the grantor by which he parted with power or control over the instruments. The plaintiffs' own testimony tended to show that the grantor had retained control of the instruments, and that they were in his possession when the grantee died. Ordinarily, under such facts, the presumption is that he did not deliver them, and the burden of showing delivery is on the one claiming title under the deeds. Hacker v. Deaton, 200 Ky. 383, 254 S. W. 1055; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167; 26 C. J. S., Deeds, Section 183. Where the relationship between the grantor and grantee is that of husband and wife, mere possession alone of the grantor is of little weight as evidence on the question of delivery, but where, as here, it is coupled with other facts tending to show want of delivery, such as failure over a long period of

time to record the deeds, the burden is on the claimants. Sassen v. Farmer, 179 Ky. 632, 201 S. W. 39; Annotation in 129 A. L. R. 11. The solution of the question rests entirely upon the intention of the grantor, and this essential matter of intention is a question of fact to be determined by the court from a consideration of all the evidence bearing upon the issue. There is no doubt in our minds, from a careful reading of the record, that the appellee never formed, or entertained, the idea of transferring title to these two tracts of land to Mrs. Arnett during his lifetime.

The judgment is affirmed.