## Wells et al. v. Butcher et al.

Feb. 2, 1945.

J. L. Harrington for appellants.

Wheeler & Wheeler for appellees.

Opinion of the Court by Stanley, Commissioner—Affirming.

This is a suit by the appellants, heirs of Sammie J. Wells, against Roy Butcher and his wife, Frankie

Butcher, to quiet title to one acre of land on Daniel's Creek in Johnson County. Defendants also prayed that their title to the parcel be quieted. Judgment was for the defendants.

J. W. Wells, who died in 1905, devised his home farm to his six sons, conditioned upon their paying certain debts and equalizing their two sisters with money. The tract was sold by order of court for a debt and bid in by one of the sons, Alex Wells, who assigned the purchase to his wife, Angeline, with the understanding that when the judgment had been satisfied they would convey to the other brothers their respective shares. Angeline Wells received a Commissioner's deed in March, 1910. The petition alleges that Angeline and Alex Wells conveyed 50 acres to Sammie Wells in 1914 and that it included the one acre involved in the suit. Alex testified that he made that deed in 1918, but it was not recorded until 1939 or 1940. The deed is not in this record although the defendants ask a rule requiring the plaintiffs to file a copy of it. Sammie Wells died intestate in July, 1928. The plaintiffs claim title under that deed and also by adverse possession.

The defendants denied that the one acre was included in the 50 acre tract and claim title starting with a deed from Angeline and Alex Wells to William Lackey, dated March 31, 1916. He died in 1918 and in a suit to settle his estate the one acre was sold under order of court. Logan Clark bought it and a deed was directed to be made to him in 1925. According to Clark, such a deed was made but lost without being recorded, and in November, 1940, the case was reinstated on the docket and the Commissioner directed to make another deed to Clark in substitution, and he did so. Clark conveyed the parcel to the defendants in December, 1940, and they built a small home on it. In addition to establishing this record title, the defendants proved several acts and incidents showing that different heirs of Sammie Wells recognized Clark's title. This included an agreement with respect to pasturing the parcel jointly with their adjoining land, and the renting of the parcel in 1938 and 1939 by Clark to Bum Williams, who had married Sammie's daughter, both of whom are parties litigant. They also proved that Williams tried to buy the land from Clark. In the fall of 1940, James A. Collins, a magistrate, obtained a right of way for a road up the creek at this point. His testimony, supported in im-

portant particulars by others, is that some of the Wells heirs not only made statements recognizing Clark's title to this parcel but actively participated in locating his line and measuring the roadway. This is denied by them and they question Collins' testimony because he is the father of the defendant, Mrs. Butcher, and purchased the parcel for her a short while later. All of the plaintiffs as heirs of Sammie Wells executed a deed to Johnson County on August 10, 1940, for a right of way over their property which calls for Logan Clark's line "for additional right of way, then skipping across Logan Clark's lot and beginning on the other side," etc., and picking up other property belonging to the grantors. The parties say they did not read this deed before signing it. Collins' testimony is that they did and that he had written the description according to their direction.

Angeline and Alex Wells both testified that they never made a deed to Lackey covering this acre, but Alex qualified his statement by saying he had no recollection of it. H. B. Wells, a brother of Sammie Wells, was a deputy county court clerk. He was presented with an original deed from Alex and Angeline Wells to William Lackey, dated March 31, 1916, with his certificate of acknowledgment upon it. Although very reluctant, he admitted that the handwriting in the printed form of the deed and his signature thereon were his, but added that he wasn't altogether positive because, "it might be possible that somebody could write like me." He did remember that his brother, Sammie, told him he had sold this acre to Lackey. The witness' wife and daughter, however, both positively identified the writing and signature as that of H. B. Wells, and the wife related certain circumstances concerning the execution of the deed. We think this deed was clearly established. More than that, the certificate of acknowledgment purports absolute verity because they did not attack it in the manner and upon the ground provided in Sec. 3760, Ky. Stats., now KRS 61.060, that is by a direct proceeding upon the allegation of fraud or mistake, hence the parties were bound by this deed, and the evidence concerning its non-execution was incompetent. Atkins' Gdn. v. McCoy, 263 Ky. 846, 93 S. W. 2d 839. But the incompetency was waived by a failure to file exceptions to the depositions.

There is no merit in the argument of the appellants that there was no proof of a meeting of the minds of the alleged grantors, Angeline and Alex Wells, and the

grantee, William Lackey, nor of a delivery of the deed, both agreement and delivery being essential elements of a conveyance. The execution of the deed manifests the agreement, and the possession of the deed and its recording is presumptive evidence of delivery. Christopher's Adm. v. Miniard, 267 Ky. 484, 102 S. W. 2d 978.

The defense that Angeline and Alex Wells held title under their purchase only as trustee for the heirs under the agreement to convey to each brother his respective share cannot be sustained. There is no intimation that Logan Clark had any knowledge of this. And if as a matter of fact they had conveyed the property to Sammie before they conveyed the acre to Clark, that deed was not of record and in this respect also Clark was an innocent purchaser for value.

On the issue of adverse possession the plaintiffs testified their father and, after him, two of the heirs cultivated the acre of land and paid taxes on it. But some of them admit that Clark was claiming the parcel at the same time and they knew it. The particular acts which would manifest adverse possession are not very definitely proved. On the other side, in addition to the evidence already briefly summarized, it was proved, without exception being filed to the depositions, that it was generally known and understood in the community that it was Clark's land. He lived and ran a store across the creek during most of the time and all of the parties lived in the neighborhood. At most for the plaintiffs, the evidence is in conflict and presents a case wherein we accept the finding of the chancellor.

We are of opinion that the judgment quieting the title in the defendants is right and proper.

The judgment is affirmed.