## Helton et al. v. Helton.

June 5, 1945.

E. B. Wilson for appellants.

H. L. Bryant for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Arthur Asher purchased, and received a deed for, an undivided one-half interest in a tract of land in Bell County, at the request and for the benefit of appellee, Carter Helton. At Helton's direction, Asher conveyed the legal title to Catherine Hays, who then held the property as trustee for Helton. On January 6, 1941, at Helton's direction, Mrs. Hays and her husband signed a deed naming appellants, the children of Helton, grantees. This deed was placed in Helton's possession, but was not delivered to his children. Helton's reason for requiring the deed to be signed and placed in his hands was to enable him to deliver it promptly to his children, in the event he should become convinced that he would not recover from a serious illness with which he was afflicted at the time. He recovered from the illness, and redelivered the deed to Mrs. Hays, who, with her husband, at Helton's direction, executed another deed naming Helton grantee. This deed was delivered to Helton and through it he claims the legal title to the property. Mr. Helton has sold some of the timber off of the property to the W. M. Ritter Lumber Company, whose attorney requested Mr. Helton to file this suit to remove the alleged cloud upon his title, which was formed by the signing of the deed of January 6, 1941. The Chancellor quieted appellee's title, and the children have appealed from the judgment.

The deed signed by Mrs. Hays and her husband, wherein the Helton children were named grantees, was no more efficacious than a deed signed but not delivered by Mr. Helton himself. He was the beneficial owner of the property, and when the deed was delivered to him, it was not for the purpose of delivering it to the children unless and until Mr. Helton decided at some future date to do so. The evidence on this point is abundant and uncontradicted. In determining the question of delivery, the intention of the parties prevails. In Howard et al. v. Arnett's Adm'r et al., 294 Ky. 167, 171 S. W. 2d 228, 230, we said: "In order to vest title in the grantee the deed must be delivered to the grantee or his agent with an intention of passing the title. Although manual possession of a deed is transferred to the grantee, title will not vest in him unless the transfer is accompanied with an intention to pass the title. On the other hand, title may vest in the grantee although the grantor retains manual possession of the deed if it is his intention that title shall pass. He merely constitutes himself the agent of the grantee for the purpose of delivery. Intention is the essential element. Fitzpatrick v. Layne, 291 Ky. 523, 165 S. W. 2d 13; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. 2d 978; Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. 2d 504; Hardin v. Kazee, 238 Ky. 526, 38 S. W. 2d 438, Hood v. Nichol, 236 Ky. 779, 34 S. W. 2d 429; 16 Am. Jur. secs. 115, 116, 117. As was said in Smith v. Feltner, 256 Ky. 325, 76 S. W. 2d 25, 28: 'It is an established rule that the delivery of a deed may be either actual or constructive, but in either event there must be an intent upon part of the grantor to transfer title coupled with some act by which he parts with power of control over the instrument.'"

The Chancellor properly adjudged the title to the undivided one-half interest in the real estate in question to be in appellee.

The judgment is affirmed.