## Noffsinger v. Noffsinger.

November 22, 1946.

Arthur T. Iler and Frank A. Logan for appellant.

T. J. Sparks for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

The appellant, W. H. Noffsinger, is the father of appellee, Nat Noffsinger. On April 14, 1944, W. H. Noff-

singer instituted this action against his son to set aside an instrument designated therein "A Deed of Conveyance," which he had executed on May 10, 1943. It was his contention that the instrument was testamentary in character, and not having been executed with the formalities required by law was ineffectual for any purpose, and further that even though the instrument should be held to be a deed it was never delivered to the grantee. Upon the trial of the case the chancellor adjudged that the instrument was a deed conveying 179¾ acres of land in Muhlenberg county to appellee, Nat Noffsinger, subject to the life estate of W. H. Noffsinger, and that it had been delivered to the grantee.

W. H. Noffsinger had resided on the land in controversy since 1884, when he acquired it under the will of his father. The appellee, Nat Noffsinger, was born and reared on the land, and after his marriage in 1918 lived their continuously until March, 1944. After the death of appellant's wife in 1919 the appellee and his wife and children lived with appellant in the latter's home. On May 10, 1943, appellant signed and acknowledged the instrument which is the subject of this litigation. According to the brief filed in his behalf, he was about 84 years of age at that time. Several months after the instrument was executed, appellant and appellee quarreled over a trivial matter which was in no way connected with the transaction now in question, and the appellee and his wife and children left appellant's home either voluntarily or after being ordered away by appellant. The record is not clear in this respect. The instrument dated May 10, 1943, was lodged for record by appellee in the Muhlenberg County Clerk's office on March 14, 1944, and appellant brought this action on April 14, 1944. The instrument is designated on its face "This Deed of Conveyance," and after reciting the consideration of $1 cash, love and affection, contains the following granting clause: "Does hereby sell, alien and convey unto the said party of the second part, his heirs and assigns, the following described tracts of land * * *."

After the description all coal is reserved, as it had been conveyed by a former deed. The habendum clause reads: "To have and to hold the above described property, together with all the appurtenances thereupon belonging, unto the said party of the second part, his heirs

and assigns forever, and subject to the reservation as hereinabove set out this deed is given with Covenant of General Warranty of Title."

Immediately preceding the habendum clause this appears: "It is a condition of this conveyance that first party hereto shall retain title to the property herein conveyed during the remainder of his natural life, and complete title shall not pass to party of the second part until the death of first party."

It is argued that this clause indicates an intention that no present interest shall pass to the grantee, and the instrument therefore is testamentary in character. On the other hand, it is insisted for appellee that this clause merely retains a life estate in the appellant.

In Hunt v. Hunt, 119. Ky. 39, 82 S. W. 998, 1000, 68 L. R. A. 180, 7 Ann. Cas. 788, an instrument substantially like the one in the present case was construed and held to be a deed conveying a present estate vesting at the time of its delivery, but taking effect in possession at the death of the grantors. The instrument there construed was authenticated as a deed, but contained a provision that it should not take effect until the death of the grantors. In the opinion it was said: "The object of all construction is to arrive at the intention of the maker of the instrument. In doing this, all parts of the instrument must be considered, and in a deed, in case of doubt, it must be resolved against the grantor, for he selects his own language. While the instrument in question contains the words that it is not to take effect until the death of the grantors, it also contains the words, 'do hereby sell and convey,' 'to have and to hold,' and 'said party of the first part hereby convenants with the said party of the second part that he will warrant the title hereby conveyed.' These words aptly convey a present estate, and it is not presumed that one part of the deed was intended to conflict with another."

To the same effect are Glocksen v. Holmes, 299 Ky. 626, 186 S. W. 2d 634, Parker v. Archibald, 212 Ky. 567, 279 S. W. 979, and many other cases which have cited the Hunt case.

In a well-considered opinion of the chancellor found in the record the evidence is discussed at length, and we

find, as stated therein, that the weight of the evidence is to the effect that it was the intention of the grantor to vest in his son a present interest in the land and to retain only a life estate. This view is supported by appellant's own testimony.

The evidence as to delivery of the deed is conflicting. Appellant testified that he retained possession of the deed and placed it in a box in a dresser drawer in his home. He further testified that he never delivered it to his son, and that the latter never saw it before it was placed in the box. Appellee testified that he accompanied his father to Central City on the day the deed was executed, and upon their return to their home the appellant handed the deed to appellee, who read it and expressed his satisfaction with it. Appellee's wife also read it. The deed was then handed back to appellant, who placed it in a box in the dresser drawer. The box was a common depository for the private papers of both appellant and appellee, and all members of the family had access to it. Mrs. Nat Noffsinger corroborated her husband.

It is an elementary principle that a deed must be delivered in order to become operative as a transfer of the ownership of the land, but manual delivery by the grantor to the grantee is not essential. Sasseen v. Farmer, 179 Ky. 632, 201 S. W. 39. It may be delivered to a third person with intention that the grantee shall have the benefit of the deed or it may be retained by the grantor and delivery be consummated if the grantor expresses an intention that the title shall pass and indicates by acts or words that he is holding the instrument for the benefit of the grantee. The controlling factor is the intention to make delivery, and this intention may be inferred from the grantor's acts and words and from the circumstances surrounding the execution of the instrument. Howard v. Arnett's Adm'r, 294 Ky. 167, 171 S. W. 2d 228; Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. 2d 504; Hardin v. Kazee, 238 Ky. 526, 38 S. W. 2d 438; Cronin v. Cronin, 169 Ky. 767, 185 S. W. 105. Appellee had lived with his father all of his life, and he and his wife had cared for appellant for more than 25 years. The deed was made in accordance with a long expressed intention of the grantor and in conformity with an agreement between him and the grantee. The transaction met

with the approval of appellant's other children. The evidence amply supports the chancellor's finding that appellant intended to and did deliver the deed.

The judgment is affirmed.