## Hayden et al. v. Hayden et al.

October 29, 1948.

Bradley & Bradley for appellants.

Sawyer A. Smith for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This action was brought by Fred Hayden and wife, appellees, against the heirs of his deceased brother J. C., appellants, to quiet title to a seven acre tract of land in Scott County. The Chancellor adjudged appellees the fee simple owners of this tract under and by virtue of a deed executed by Fred's father on August 15, 1946. Appellants' claim is based on a prior deed executed by the same grantor, naming as grantees all three of his sons. The sole question in the case is whether or not this earlier deed was delivered.

On September 15, 1945, G. W. Hayden, the father of Fred, J. C. and Daughtery, executed a deed conveying them the land jointly in fee simple. The only persons present at the time of the execution of this deed were the grantor, his son, J. C., and a notary public. The instrument was acknowledged before the notary who took it home with him for the purpose of affixing his seal thereto. At the time he took the deed, he expressed the intention of mailing it back. Either the grantor or his son J. C. then stated:

"That won't be necessary, just leave it there, we can stop there and pick it up when we are passing."

If this statement was not made by the grantor, it was made in his presence and without objection. The deed was not returned to the grantor. Although he does not remember the circumstances, the notary apparently delivered it later to J. C.

J. C. died intestate June 1, 1946, the deed not having been recorded. On August 15 of that year the grantor in the earlier deed executed, acknowledged, and delivered a new deed conveying the same property to his son, Fred. At the time of this transaction, the notary who had taken the acknowledgment of the first deed was present. The grantor said to the notary:

"Bill, I want you to tear up that deed that I made

the three boys sometime ago. I want to make a new deed to Fred. Fred is going to take care of me the rest of my life and I am going to deed him my property.''

The notary was not able to destroy the former deed as he no longer had it in his possession.

The second deed was recorded the day after it was executed. About three months later the grantor died. A few days after his death one of the sons of J. C. discovered the first deed in the Scott County clerk's office and had it recorded. The dates of recording are immaterial since no bona fide purchaser is involved.

The rule governing the decision in this case is thus stated in Noffsinger v. Noffsinger, 303 Ky. 344, 347, 197 S. W. 2d 785, 786:

''The controlling factor is the intention to make delivery, and this intention may be inferred from the grantor's acts and words and from the circumstances surrounding the execution of the instrument.''

The facts and circumstances establish a clear intention on the part of the grantor to make an immediate delivery of the prior instrument he executed on September 15, 1945. In the first place, one of the considerations for the conveyance was the assumption by the grantees of all taxes which were to become due and payable in 1945 and thereafter, indicating the grantor expected the deed to become forthwith effective. In the second place, the deed was turned over to the notary simply for formal completion and without any directions to postpone its delivery. Thirdly, the grantor assented to its being delivered to his son J. C., one of the grantees. Lastly, the grantor never made further inquiry concerning this deed for eleven months.

The only fact that might indicate a different intention upon the part of the grantor was his belated request of the notary to destroy the deed executed eleven months before. This event, however, was so far removed in time from the date of the questioned delivery that it throws no light upon the original intention. It merely indicates the grantor had changed his mind and did not understand the legal effect of his former actions.

Where possession has passed to one of the grantees,

there is a strong presumption of legal delivery, and clear and convincing evidence is required to establish that there was no intention to pass title. Jones et al. v. Driver et al., 282 Ky. 82, 137 S. W. 2d 729.

We are unable to agree with the Chancellor that the grantor retained any control over the original deed, and the judgment based on such determination is erroneous.

For the reasons stated, the judgment is reversed with directions to enter a judgment for appellants.