Villa RODGERS et al., Appellants,

v.

Denny HENDRICKSON et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Sept. 28, 1956.

John W. Murphy, Jr., Liberty, Montgomery & Montgomery, Liberty, for appellants.

L. C. Lawrence, Jamestown, for appellees.

SIMS, Judge.

This action was brought by appellees, the sons of Mrs. Eliza J. Kerns, joined by their wives, against their sister, Villa Rodgers and her husband, W. L. Rodgers, to set aside a deed Mrs. Kerns had executed to Villa, her only daughter. The instrument was attacked on three grounds: 1. Mental incapacity; 2. undue influence; 3. there was no delivery of the deed. The case was tried before the judge without a jury. He held there was not sufficient evidence to establish mental incapacity or undue influence, but found there was no delivery of the deed and for that reason set it aside. On this appeal Villa insists the facts do not support the findings of the judge and his judgment is clearly erroneous.

We agree with the trial judge there is no evidence of substance that Mrs.

Kerns lacked mental capacity to make the deed or that she was unduly influenced to do so, hence we will not take the time and space to review the meager evidence on these two points. But since we conclude the trial judge was in error in holding there was no delivery of the deed, we will give a brief résumé of the evidence relating to the execution and delivery of the instrument.

Mrs. Kerns divorced her first husband, John Hendrickson, in 1923. Her sons strenuously objected to this, but her daughter took Mrs. Kerns' side, thereby winning the everlasting gratitude of the mother. Mrs. Kerns received $16,500 in a property settlement with Mr. Hendrickson, which she lost in a business venture. She was practically bankrupt when she married J. M. Kerns in 1925.

Mr. Kerns became attached to his step-daughter, Villa, and told his wife that he wanted her eventually to have what property Mrs. Kerns received from him. Mr. Kerns deeded his wife a house and lot in Somerset. He died in May 1942, and thereafter Mrs. Kerns deeded this property to Villa in consideration of love and affection, and because her husband had so requested. Shortly after executing this instrument Mrs. Kerns made a will devising Villa all of her personal property. Later Mrs. Kerns persuaded Villa to reconvey this property to her without consideration, after which Mrs. Kerns made another will in favor of Villa devising all of her property to her daughter.

The Somerset property was sold by Mrs. Kerns for $5,000, of which she invested $3,750 in a farm in Casey County, purchased through Villa's husband, who made $900 on the deal. On August 8, 1945, Mrs. Kerns went alone to the office of her personal attorney in Liberty, Ky., Hon. Charlie Montgomery, and had him draw a deed conveying the farm to Villa in consideration of "one dollar and love and affection." Mrs. Kerns reserved a life estate in the property conveyed. Mr. Montgomery had Mrs. Kerns' will in his safe and she asked him to keep the deed as she did not want it recorded until after her death or unless she became very ill. Mr. Montgomery explained to Mrs. Kerns that for the deed to become effective she would have to deliver it to the grantee.

The first knowledge Villa had of the deed was when her mother brought it to her, saying she had something for her. Villa read the deed and handed it back to her mother who explained to Villa that Mr. Montgomery said the deed would have to be delivered, whereupon Villa took the deed and handed her mother a dollar. Subsequently, Villa had her husband, W. L. Rodgers, take the deed to Mr. Montgomery's office and leave it with him for safekeeping.

Thereafter Mrs. Kerns fell out with her daughter and requested Villa to reconvey the farm to her, which Villa refused to do. After this Mrs. Kerns expressed a desire that all of her children share in her estate and she executed a will to that effect. When the controversy arose about Villa reconveying the farm to her mother, Villa obtained the deed from Mr. Montgomery and had it put to record shortly before her mother's death.

While Mr. Montgomery did not see the deed delivered to Villa, his testimony is very clear and convincing that he explained to Mrs. Kerns the deed would not be valid if left in his office to become effective at her death, and that it was necessary for her to make delivery of the deed to her daughter. Likewise, the evidence is clear and convincing that Mrs. Kerns did deliver the deed to Villa shortly after she executed it before Mr. Otis C. Thomas, a notary public. Mr. Montgomery and Mr. Thomas both testified she had her full mental faculties at the time the deed was written and executed. There is no evidence of substance of any mental incapacity on the part of Mrs. Kerns or that any undue influence was exerted on her to make the deed.

**458**

Possession of this deed by Villa raises a strong presumption that the instrument was delivered to her, Jones v. Driver, 282 Ky. 82, 137 S.W.2d 729, and her recording of it strengthens that presumption. Wells v. Butcher, 299 Ky. 332, 185 S.W.2d 406. Here, Villa did not rely upon such presumption but she established by clear and convincing evidence that Mrs. Kerns delivered the deed to her with the intent that it pass title subject to the grantor's life estate.

The trial judge rested his decision on Helton v. Helton, 300 Ky. 193, 188 S.W.2d 315, and Hood v. Nichol, 236 Ky. 779, 799, 34 S.W.2d 429, neither of which apply here. In the Helton case the deed was to be delivered only in the event of grantor's death, hence there was no intent to pass present title. The Hood opinion is to the same effect and said that in order for title to pass to the property covered by the deed there must not only be a transfer of the manual possession of the instrument but also an accompanying intention of the grantor to pass title.

The record before us shows Mrs. Kerns had every intention of passing title to the farm when she delivered the deed to Villa, because Mr. Montgomery had carefully explained to Mrs. Kerns that for the instrument to be effective she must make delivery to her daughter. When Mrs. Kerns delivered the deed to Villa she repeated to her daughter what Mr. Montgomery had said, and it is clear from this record that the mother then and there intended the title to the farm would immediately vest in Villa, subject to Mrs. Kerns' life estate. It may be well to state here the testimony of Villa as to what her mother told her is incompetent under KRS 421.210(2). However, as pointed out by the trial court there is much incompetent testimony in the record but since no exceptions were filed thereto by either party, the incompetent testimony was considered by him, as it has been by us.

The fact that Mrs. Kerns subsequently regretted her action and requested Villa to reconvey the farm to her had no effect on the deed she had properly executed and delivered to her daughter. Once a deed is duly executed and delivered, a change of heart by the grantor is without effect on the instrument. The reservation by Mrs. Kerns of a life estate in the property conveyed is also evidence she contemplated the deed would pass title immediately. 16 Am.Jur. "Deeds" § 139, p. 515; Also see annotations 129 A.L.R. 38.

For the reasons given the judgment is reversed with directions to enter one consistent with this opinion.

MONTGOMERY, J., not sitting.