234 F.2d 631
 Charles RAND, Appellant,
v.
M. A. RAND, Individually, M. A. Rand, Administratrix of the
Estate of Ed Rand, Deceased, and Citizens, deposit
Bank, a Corporation, of Vanceburg,
Kentucky, Appellees.
 No. 12703.
 United States Court of Appeals Sixth Circuit.
 June 27, 1956.
 
 John L. Smith, Catlettsburg, Ky., Frank K. Warnock, Greenup, Ky., on the brief, for appellant.
 Simeon S. Willis, Ashland, Ky., Harvey Parker, Jr., Charles H. Riedinger, Vanceburg, Ky., on the brief, for appellees.
 Before SIMONS, Chief Judge and ALLEN and MILLER, Circuit Judges.
 MILLER, Circuit Judge.
 
 
 1
 Appellant, Charles Rand, by this declaratory judgment action filed in the District Court attacked the validity of inter vivos transfers of real estate and money between his brother, Ed Rand and his brother's wife, M. A Rand. Ed Rand died intestate and without issue on October 31, 1952.
 
 
 2
 The real estate transfer was as follows: On August 7, 1947, Ed Rand signed and acknowledged a deed conveying to his wife, M. A. Rand, 4,000 acres of land in Lewis County, Kentucky, and delivered the deed to the Clerk of the County Court. He gave a copy of the deed to Mrs. Rand at the time. The County Clerk testified: 'He signed the deed and I took his acknowledgment on it and he said he wanted it lodged, but he did not now want it recorded at this time. * * * I marked 'Lodged: 8-7-47' and signed George M. Plummer, Clerk. * * * I have a file in my office. It is immediately back of where our regular deeds are lodged and I placed it in this metal file.' He further testified that the deed remained in his possession thereafter, without any instructions from ED Rand or any conversation with him about it, until November 5, 1952 which was after the death of Ed Rand, at which time it was recorded at the request of Mrs. Rand and her attorney. The Clerk certified in writing on the deed 'that the foregoing deed was on the 7th day of August, 1947, lodged for record, whereupon the same with the foregoing and this certificate have been duly recorded in my office. Given under my hand this the 5th day of November, 1952.' The recording fee was paid on August 3, 1954.
 
 
 3
 By deed dated February 21, 1948, Ed Rand and M. A. Rand, his wife, conveyed part of the 4,000-acre tract to C. W. Wamsley and B. L. Wamsley, and by deed dated March 2, 1949 they conveyed another part of the 4,000-acre tract to Joseph J. Chinn. The deed to Chinn was pursuant to a title bond made on April 2, 1947. Both deeds gave as the source of title of the grantors a conveyance of July 25, 1940 from Bruce T. Pugh to Ed Rand with no reference to the deed of August 7, 1947. It should be noted that the deed of August 7, 1947 was not yet recorded. For the years 1947 through 1952 the property was listed for ad valorem taxes in the name of Ed. Rand and the taxes were paid by him.
 
 
 4
 The facts pertaining to the transfer of the money are as follows: Prior to August 7, 1947 Ed Rand had operated a business under the name of Rand Engineering, Equipment & Supply Company and had filed a statement in the County Clerk's Office, as provided by the Kentucky Statutes, showing ownership of the partnership. On August 7, 1947, the partnership was dissolved and Rand wrote on the original statement the words 'Dissolved, August 7, 1947' and signed his name. On the same day the partnership property was divided between the three parties. On August 7, 1947, Rand wrote, executed before a Notary Public, and filed with the County Clerk a new 'Certificate of Person Doing Business under an Assumed Name' which recited that the original firm had been dissolved and its assets distributed, 'and the business reorganized under the same name but owned solely by M. A. Rand' and that the business would continue 'under the sole ownership of M. A. Rand.' A copy of the certificate was given to Mrs. Rand at the time.
 
 
 5
 On August 7, 1947, Ed Rand drafted in his own handwriting, but did not sign, an instrument in testamentary form stating-- 'I hereby transfer and assign to my said wife, M. A. Rand, all of my personal estate of every kind and whereever located for her use and benefit, I to act as her agent to care for such estate during my natural life, or so long as I may be able to do so.'
 
 
 6
 Mrs. Rand testified that the knew about the deed and certificate when they were executed and accepted title to the property. She produced the copies and the unsigned document following Ed Rand's death.
 
 
 7
 On January 21, 1948, Ed Rand withdrew $20,900.00 from his personal account in the Citizens Deposit Bank of Vanceburg, Kentucky, and deposited it to the credit of Rand Engineering, Equipment and Supply Company, which account was opened at that time. Thereafter there were continuous deposits by Ed Rand in this account and checks by him against it. No checks were drawn by Mrs. Rand or by any other person. There were no signature cards showing who was authorized to draw checks on the account. At time of Ed Rand's death the balance was $19,061.29, which is the money in controversy in this action. Four checks were drawn on the account by Mrs. Rand after her husband's death, which were honored by the Bank, the last one on February 1953 closing out the account.
 
 
 8
 Ed Rand had a personal account in the Bank over a period of many years before his death. He had a partnership business with Kegley and Tannian formed in March 1948 under the name of Kegley Sales Company, which dealt in war surplus successfully. It continued until April 1952. At the time of his death he had cash in the amount of $11,000.00 in a safety deposit box in Citizens Deposit Bank, which was not known until after his death, and two small checks. He also had a claim against his step-daughter in the amount of $5,553.65Then being prosecuted to judgment in a Court in Ohio.
 
 
 9
 The District Judge recognized the accepted rule with reference to gifts inter vivos that there must be clear and convincing evidence of an intention to transfer title to the property to the donee without power of revocation, a delivery by the donor, and an acceptance by the donee, Hale v. Hale, 189 Ky. 171, 224 S.W. 1078; that the controlling factor is the intention to pass title accompanied by delivery which may be inferred from the donor's acts and deeds and from the surrounding circumstances, Noffsinger v. Noffsinger, 303 Ky. 344, 197 S.W.2d 785; and that it is not necessary that delivery be made to the donee personally, and in cases where manual delivery is impracticable or impossible symbolical delivery is equally effective. Goodan v. Goodan, 184 Ky. 79, 211 S.W. 423; Bryant's Adm'r v. Bryant, Ky., 269 S.W.2d 219. He found that the factual requirements of the rule were fully met and held both transactions valid inter vivos gifts, from which ruling this appeal was taken
 
 
 10
 Appellant urges upon us that the instructions of Ed Rand to the County Clerk not to record the deed, the subsequent deeds executed by him as the owner, and the listing of the property for taxes in his own name and the payment of the taxes by him show that no inter vivos gift of the real estate was intended or carried out. He also contends that the exclusive use by Ed Rand of the bank account in the name of Rand Engineering, Equipment and Supply Company shows that he considered and treated the money on deposit as his own and not as having been irrevocably transferred to his wife. Such issues of intent and delivery are factual ones, which are clearly raised by the foregoing evidence. Upon a consideration of all the circumstances in the case the District Judge made findings in favor of the appellee, which, in our opinion, are supported by the evidence and must be accepted on this review. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746; Noffsinger v. Noffsinger, supra; Bryant's Adm'r v. Bryant, supra. See also Sections 382.300 and 61.060, Kentucky Revised Statutes.
 
 
 11
 The judgment is affirmed.