**Daisy CARTWRIGHT et al., Appellants,**

v.

**Garland BISHOP et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1957.

—————•—————

Terry L. Hatchett, Glasgow, for appellants.

Shelley T. Riherd, Glasgow, for appellees.

**CULLEN, Commissioner.**

Daisy Cartwright and her granddaughter, Joyce Belle Lewis, brought action against Garland Bishop and his wife, seeking cancellation of a deed which Daisy had executed to the Bishops, conveying two lots with a dwelling on them. The circuit court entered judgment in favor of the defendants, and the plaintiffs have appealed.

While several grounds of invalidity of the deed were asserted in the lower court, the only material ground in issue on this appeal is that the deed was invalid because the lots in question, together with two other lots, previously had been conveyed by Daisy to Joyce, by a deed of which the Bishops had knowledge. The lower court held that the deed to Joyce had never been delivered. The appellants contend that this finding is clearly erroneous.

Although there was some evidence to the contrary, the great preponderance of the evidence was that the deed to Joyce had never been manually delivered to her, but had remained in the possession and control of Daisy. The appellants maintain that evidence as to statements of intention by Daisy, consisting of statements to Joyce and to third persons that she had conveyed the property to Joyce, and was holding the deed for her, was such as to require a finding of constructive delivery. However, there was evidence of other statements by Daisy to the effect that she had not made up her mind about a restrictive clause in the deed, and was holding it for that reason. Also, there was testimony that she had told her attorney that she had never mentioned the deed to Joyce. This conflicting evidence, together with the fact that Daisy's own testimony contained many contradictions, leaves the question of Daisy's intent much in doubt.

Other facts tending to negative a delivery are that the deed to Joyce was not recorded; that Daisy had executed a will leaving the property to Joyce upon the same conditions as stated in the deed; and that simultaneously with the execution of the deed to the Bishops, Daisy executed a new deed to Joyce, conveying two of the lots embraced in the first deed to Joyce, and Daisy then stated that she did not intend presently to deliver the new deed, but would hold it as she had the first one, until making up her mind about the restrictive clause.

While this Court has held that manual delivery of a deed is not essential, the cases in which deeds have been upheld despite a lack of manual delivery ordinarily have involved a transaction between closely related persons living in the same dwelling and employing a common depository. See Noffsinger v. Noffsinger, 303 Ky. 344, 197 S.W.2d 785; Sasseen v. Farmer, 179 Ky. 632, 201 S.W. 39. In the case before us, Joyce lived in Louisville and Daisy lived in Glasgow, and they did not have access to any common depository.

We think the evidence here warranted the finding of the lower court that Daisy did not intend to part with control over the deed to Joyce. In no event could we say that the finding is clearly erroneous.

There is no merit in the appellants' further contention that the deed to the Bishops was champertous.

The judgment is affirmed.